TED THEODORAKAKIS, d/b/a Father and Son New and Used Equipment, Plaintiff-Appellant, v. ANTHONY KOGUT, Special Adm'r of the Estate of Pablo Garcia, Deceased, *et al.*, Defendants-Appellees.

First District (6th Division)   No. 1—89—0689

Opinion filed February 9, 1990.

Marshall D. Segal, of Segal & Segal, of Chicago, for appellant.

Ansani & Ansani, of Park Ridge (Theodore J. Ansani, of counsel), for appellees.

JUSTICE McNAMARA delivered the opinion of the court:

Plaintiff, Ted Theodorakakis, d/b/a Father and Son New and Used Equipment, appeals from the decision of the circuit court of Cook County vacating the default judgment against defendant, Maywood Proviso State Bank u/t/a No. 4289. The court found that the summons served upon the bank was invalid and, accordingly, that judgment was void *ab initio*. Plaintiff alleges that the trial court erred in finding that the summons served upon the bank was invalid and in vacating the judgment because, although the summons incorrectly stated that the trust number was 44289, the complaint caption and body thereof correctly designated the trust number as 4289. Plaintiff concludes that a misnomer occurred and that judgment was properly entered against the bank.

On March 19, 1987, plaintiff filed a complaint for mechanic's lien against Anthony Kogut, special administrator of the estate of Pablo Garcia, deceased, and Maywood Proviso State Bank u/t/a No. 4289 and Gisela Malawy, Marshall D. Segal, administrator with the will an-

nexed of the estate of Pablo Garcia, deceased. (This appeal involves only Maywood Proviso State Bank u/t/a No. 4289.) That same day, a summons issued reflecting two defendants to be served. One of the defendants was set forth as "MAYWOOD PROVISO STATE BANK U/T/A #44289, 411 Madison, Maywood, IL." The summons was served upon trust number 44289 at the bank on March 27, 1987.

On September 17, 1987, plaintiff filed a notice of motion for the entry of a default judgment. The notice was directed and mailed to the bank, trust number 4289. Also on September 17, 1987, plaintiff filed a notice of motion to nonsuit count II of the complaint and mailed the notice to the bank, trust number 4289. The trial court entered a default against the bank on count I and set a prove up date. Count II was nonsuited with leave to reinstate. After several continuances, prove up was made and default judgment entered on April 29, 1988.

On December 6, 1988, the bank filed a notice of motion to vacate the April 1988 judgment. The motion to vacate was brought pursuant to section 2—1401 of the Code of Civil Procedure (Ill. Rev. Stat. 1987, ch. 110, par. 2—1401). On February 10, 1989, the trial court entered an order vacating the judgment. Pursuant to Supreme Court Rule 304(b)(3), plaintiff appeals the entry of that order. 107 Ill. 2d R. 304(b)(3).

Plaintiff contends that the trial court erred in finding that the summons served upon the Maywood Proviso State Bank u/t/a No. 44289 was invalid. He urges that because of this error, the order vacating the judgment was improperly entered.

■■ ■ Illinois Supreme Court rules provide that a summons is to be directed to each defendant (107 Ill. 2d R. 101(a)), and that in all entitling papers *except a summons* it is sufficient to name the first named plaintiff and the first named defendant with the usual indication of other parties. (107 Ill. 2d R. 131(c).) The rules further provide that the use of the wrong form of summons will not affect the jurisdiction of the court. (107 Ill. 2d R. 101(e).) Nonetheless, a summons which does not name a party on its face and notify that party to appear is no summons at all insofar as the unnamed person is concerned. (*Ohio-Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club* (1937), 367 Ill. 44, 10 N.E.2d 393.) When a defendant is not properly served, any order entered against that defendant is void *ab initio* regardless of whether he had knowledge of the proceedings. *Hatcher v. Anders* (1983), 117 Ill. App. 3d 236, 453 N.E.2d 74.

Here, the summons named trust number 44289 while the proper

trust number was 4289. The trial court found that the summons did not "bear the name of the defendant Trust," and that, accordingly, the summons was invalid. We agree with that decision. The summons named a non-existent trust account. Thus, the summons did not name a legal entity upon which service could be had. The bank as trustee properly concluded that it need not, and indeed could not, respond.

Plaintiff argues, however, that the fact that the complaint was attached to the summons and designated the correct trust number should militate against a finding of invalidity. Plaintiff points to the fact that the bank was served with the summons and complaint.

■ It is true that the names by which persons are summoned can be immaterial, the essential question being whether the party in interest was actually served. (*Alexander v. State Savings Bank & Trust Co.* (1935) 281 Ill. App. 88.) That is, in cases in which the proper party is served but by the wrong name, if the party served failed to appear, or appearing, fails to object, the judgment against it will be binding. *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 10 N.E.2d 393; *Thielke v. Osman Construction Corp.* (1985), 129 Ill. App. 3d 948, 473 N.E.2d 574; *Hatcher v. Kentner* (1983), 120 Ill. App. 3d 571, 458 N.E.2d 131.

■■ ■ Here, however, defendant, a particular land trust, was not actually served. The summons was delivered to a trust account number which does not exist. A suit brought against a legally nonexistent party is void *ab initio*, and the summons served upon the nonexistent party does not give the court jurisdiction. (*Lewis v. West Side Trust & Savings Bank* (1941), 377 Ill. 384, 36 N.E.2d 573.) A proceeding by or against a party by a mere fictitious name is a nullity (*Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 10 N.E.2d 393), and absent a general appearance by a named party, personal jurisdiction may only be acquired by service of process in the manner directed by statute. (*State Bank v. Thill* (1986), 113 Ill. 2d 294, 497 N.E.2d 1156; *Kappel v. Errera* (1987), 164 Ill. App. 3d 673, 518 N.E.2d 226.) Any judgment rendered without service of process in the manner directed by statute is void regardless of whether the defendant had actual knowledge of the proceedings. *State Bank v. Thill*, 113 Ill. 2d 294, 497 N.E.2d 1156.

■ In the present case, service of process was not had in the manner directed by statute. Plaintiff named an incorrect trust number and, therefore, failed to properly serve the defendant trust account. The fact that the complaint contained the proper trust account is not relevant when the summons is not directed to the proper party and

when the proper party is not in fact served. We find that the trial court properly vacated the default judgment entered against the bank as trustee.

For the foregoing reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

LaPORTA, P.J., and EGAN, J., concur.