CAROL SIEBERT *et al.*, Plaintiffs-Appellants, v. JACK BLEICHMAN, d/b/a Family Pride Laundry and Dry Cleaning *et al.*, Defendants-Appellees (Hallmark and Johnson *et al.*, Defendants).

Second District   No. 2—98—1274

Opinion filed August 3, 1999.

Brent M. Christensen, of Oakbrook Terrace, for appellants.

Michael J. Charysh and Bradford A. Burton, both of Charysh & Schroeder, Ltd., of Chicago, for appellees.

JUSTICE THOMAS delivered the opinion of the court:

On March 18, 1996, plaintiff Carol Siebert allegedly slipped and fell at the Family Pride Laundromat in Bensenville. On May 20, 1997, she and her husband, Charles, filed a complaint naming Jack Bleichman, Hallmark & Johnson (the property managers), and Ester Bright (the building owner) as defendants. Plaintiffs sought damages for personal injury and loss of consortium, alleging that Jack Bleichman was the operator of the laundromat. In fact, J&H Laundromat, Inc. (J&H), operated the business.

Because plaintiffs were uncertain about who operated the laundromat, they failed to name J&H as a defendant before the expiration of the two-year statute of limitations (735 ILCS 5/13—202, 13—203 (West 1996)). The trial court (1) granted summary judgment for Jack Bleichman and (2) dismissed the complaint against J&H after concluding that plaintiffs' delay in naming J&H as a defendant was not inadvertent. On appeal, plaintiffs argue that the trial court improperly dismissed the complaint because Jack and Howard Bleichman deliberately concealed J&H's identity to avoid liability. We affirm that part of the trial court's order granting summary judgment for Jack Bleichman and reverse that part of the order dismissing the complaint against J&H.

The record contains the following facts. In its answer of June 10, 1997, Hallmark & Johnson identified Jack Bleichman as the operator

of the laundromat. Jack Shapiro was the Hallmark & Johnson property manager responsible for maintaining the shopping center where the laundromat was located. During his August 21, 1998, deposition, Shapiro testified that he believed that Jack Bleichman was the operator of the laundromat because Shapiro dealt exclusively with Bleichman.

In his answer of June 27, 1997, Jack Bleichman denied that he owned the laundromat but did not disclose that he was a J&H employee. In an interrogatory answer filed on January 26, 1998, Hallmark & Johnson again identified Jack Bleichman as the laundromat operator.

On February 24, 1998, the trial court ordered that all written discovery be completed by March 17, 1998, and all depositions be completed by May 26, 1998. On March 16, 1998, two days before the limitations period ran, Jack Bleichman answered plaintiffs' interrogatories by identifying J&H as the operator of the laundromat. Jack Bleichman also revealed that Howard Bleichman had leased the building from Ester Bright.

On March 26, 1998, the trial court granted plaintiffs leave to amend their complaint to include Howard Bleichman as a defendant. On April 20, 1998, Jack and Howard Bleichman moved for summary judgment and filed an affidavit in which Jack Bleichman again identified J&H as the business operator.

During his June 25, 1998, deposition, Jack Bleichman disclosed that (1) J&H operated the laundromat, (2) no sign or display at the laundromat revealed to the public that J&H was the operator, (3) Howard Bleichman was J&H's sole shareholder, and (4) Jack and Howard Bleichman divided J&H's profits. Four days later, plaintiffs sought leave to further amend their complaint to name J&H as a defendant. The trial court granted plaintiffs' request.

Plaintiffs' counsel attached an affidavit to the motion for leave to add J&H as a defendant. In the affidavit, counsel stated that he promptly initiated discovery, but Jack Bleichman repeatedly delayed his deposition. Bleichman did not appear for his deposition until seven months after it was first scheduled and three months after the statute of limitations had run. Bleichman appeared one month after the trial court's deadline for the completion of depositions.

After concluding that the two-year statute of limitations barred plaintiffs' claims, the court granted summary judgment for Jack Bleichman and dismissed the second amended complaint against J&H. Plaintiffs voluntarily dismissed the complaint against Howard Bleichman. The trial court also granted summary judgment for Hallmark & Johnson and Ester Bright.

844

On appeal, plaintiffs fail to present an argument supporting the reversal of the trial court's order granting summary judgment for Jack Bleichman. Accordingly, we need not address the propriety of the trial court's determination because plaintiffs have waived the issue. See 177 Ill. 2d R. 341(e)(7); see also *Plooy v. Paryani*, 275 Ill. App. 3d 1074, 1085 (1995).

■ Plaintiffs contend that their delay in naming J&H as a defendant was inadvertent and that the trial judge improperly dismissed their second amended complaint. A motion to dismiss pursuant to section 2—619(a)(5) of the Code of Civil Procedure (Code) (735 ILCS 5/2—619(a)(5) (West 1998)) admits all well-pleaded facts in the complaint and all reasonable inferences drawn therefrom. *Ferrer v. Kuhl*, 301 Ill. App. 3d 694, 700 (1998). A trial court's dismissal under the section is subject to *de novo* review. *Ferrer*, 301 Ill. App. 3d at 700.

■ An amendment adding a defendant may relate back to the date of the filing of the original complaint and thus prevent the action from being time-barred if the following five requirements are satisfied:

"(1) the time prescribed or limited had not expired when the original action was commenced; (2) *failure to join the person as a defendant was inadvertent*; (3) service of summons was in fact had upon the person, his or her agent or partner, as the nature of the defendant made appropriate, even though he or she was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power of management or control over real property constituting a trust of which the person is a beneficiary; (4) the person, within the time that the action might have been brought or the right asserted against him or her, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him or her; and (5) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading." (Emphasis added.) 735 ILCS 5/2—616(d) (West 1998).

Defendants concede that plaintiffs have met the requirements of sections 2—616(d)(1) and (d)(3) through (d)(5). However, defendants argue that the trial court's dismissal was proper because plaintiffs' delay in naming J&H as a defendant was not inadvertent.

■ "Inadvertence" means excusable ignorance, not excusable failure to act after the true facts are discovered. *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505, 517 (1991). "Ignorance," as contemplated by section 2—616(d)(2), encompasses lack of knowledge of the identity or the existence of the defendant (*Plooy*, 275 Ill. App. 3d at 1084), and a plaintiff must act with reasonable diligence to add the proper parties after their identities become known. *Viirre*, 212 Ill. App. 3d at 517.

Generally, the delay in naming the proper defendant is not inadvertent if the plaintiff is aware of the defendant's identity prior to the expiration of the statute of limitations, but fails to amend the complaint until after the statute has run. *Bates v. Wagon Wheel Country Club, Inc.*, 132 Ill. App. 2d 161, 164 (1971). This rule permits relation back for a plaintiff who commences an action shortly before the statute of limitations expires but does not learn of the proper defendant until well after his action would otherwise be time barred. *Bates*, 132 Ill. App. 2d at 164 (relation back permitted where plaintiff commenced suit one month before limitations period had run but did not learn of true defendant until one year after period expired). We conclude that it would be unfair to prevent relation back where a more diligent plaintiff files suit well before the expiration of the limitations period but learns of the proper defendant at the time the period expires.

■ The statutes of limitations were designed to prevent delay in asserting claims and were not intended to allow a corporation to avoid liability by confusing its identity. *Bates*, 132 Ill. App. 2d at 167. When several corporations have agents who manage a business so that the public is under the impression that they are all one and the same, the corporations should be bound by their representations and should not benefit from the confusion that emanates from their corporate complexities. *Bates*, 132 Ill. App. 2d at 167 (agents of nine corporations managing the operation created confusion concerning identity of the proper defendant).

■ Here, the record indicates that the public could reasonably believe that Jack Bleichman was the laundromat operator. Jack Shapiro testified that his experience in managing the building led him to believe that Bleichman operated the business. Also, Jack Bleichman testified that no sign at the laundromat would have informed the public that J&H was the operator.

When a plaintiff's mistake about the identity of the proper defendant is caused or induced by a corporation's representations made through its agents, the corporation should be prevented from disputing the question of its correct identity. *Bates*, 132 Ill. App. 2d at 167. Although he discussed the matter with Howard Bleichman soon after plaintiffs filed their complaint, Jack Bleichman failed to identify J&H as the business operator until two days before the statute of limitations expired. The Bleichmans' silence concerning J&H's existence contributed to plaintiffs' confusion.

Although an improperly named defendant has no obligation to identify the appropriate defendant, parties routinely do so. *Cochran v. Perry County Road District No. 1*, 295 Ill. App. 3d 1089, 1093 (1998). Jack and Howard Bleichman were aware of plaintiffs' claims and that

J&H might be liable, but they chose not to volunteer the identity of the proper defendant. We will not reward J&H for allowing plaintiffs' confusion to persist.

Furthermore, courts liberally construe section 2—616(d) so that cases are decided on their merits rather than on procedural technicalities. *Cochran*, 295 Ill. App. 3d at 1094, citing *Campbell v. Feuquay*, 140 Ill. App. 3d 584, 589-90 (1986). This policy weighs in favor of permitting the relation back of plaintiffs' second amended complaint.

The reason for the statutes of limitations is not as important when a corporate defendant has notice from the beginning of the suit of the claim against it. *Bates*, 132 Ill. App. 2d at 167. Even though the person sought to be added was served in the wrong capacity, his knowledge of the suit through timely service provides the basis for allowing an amendment. *Bates*, 132 Ill. App. 2d at 166. If plaintiffs were allowed to proceed with their claims in this case, the purpose of the limitations period would not be frustrated and J&H would not be prejudiced.

Defendants' reliance on *Viirre v. Zayre Stores, Inc.*, 212 Ill. App. 3d 505 (1991), is misplaced. In that case, the plaintiff served Leased Pet, the appropriate defendant, with a notice of an attorney's lien within one month of the accident that gave rise to the claim. Also, Zayre, the improperly named defendant, filed a third-party complaint against Leased Pet 30 days before the statute of limitations expired. The master license agreement, which characterized Leased Pet as an independent contractor, was attached to the third-party complaint. *Viirre*, 212 Ill. App. 3d at 517-18.

The plaintiff knew of Leased Pet's existence one month after the accident, and any confusion the plaintiff might have had about who operated the premises was eliminated one month before the limitations period ran out. Nevertheless, the plaintiff waited eight months after learning that Leased Pet operated the business before seeking leave to amend the complaint. Furthermore, the plaintiff failed to initiate discovery until two years after the statute of limitations expired. This court concluded that the plaintiff should have known that Leased Pet was the proper defendant and that the delay in discovery did not excuse the plaintiff's inaction. *Viirre*, 212 Ill. App. 3d at 518.

This case is easily distinguished from *Viirre*. Plaintiffs' investigation revealed that no corporate entity named "Family Pride Laundry" was licensed to do business in Illinois. Also, in his answer, Jack Bleichman simply denied that he owned the Family Pride Laundry. Plaintiffs did not learn of J&H's existence until two days before the limitations period expired; and even then, plaintiffs were uncertain whether J&H operated the laundromat.

Plaintiffs had an obligation under Supreme Court Rule 137 (155 Ill. 2d R. 137) to investigate whether J&H was a proper party to the lawsuit before naming J&H as a defendant. Plaintiffs completed their investigation only after Jack Bleichman appeared for his deposition three months after the limitations period expired. Plaintiffs sought leave to add J&H as a defendant within four days of the deposition.

Defendants' reliance on *Mauro v. County of Winnebago*, 282 Ill. App. 3d 156 (1996), is also misplaced. That case involved the dismissal of an amended complaint pursuant to the mistaken service requirement of section 2—616(d)(3) of the Code. *Mauro*, 282 Ill. App. 3d at 160. That section is not at issue here.

Despite diligent efforts to identify the operator of the laundromat, plaintiffs did not learn of J&H's existence until two days before the statute of limitations ran out. After learning of J&H's existence, plaintiffs waited three months before adding J&H as a defendant because they had received conflicting information about whether Jack Bleichman or J&H operated the laundromat. Because Jack and Howard Bleichman concealed J&H's existence to avoid liability, plaintiffs' delay in adding J&H as a defendant was reasonable. We conclude that the trial court improperly dismissed the complaint against J&H.

For these reasons, that part of the Du Page County circuit court's order granting summary judgment for Jack Bleichman is affirmed, and that part of the court's order dismissing plaintiffs' second amended complaint against J&H is reversed. The cause is remanded for proceedings consistent with this opinion.

Affirmed in part and reversed in part; cause remanded.

BOWMAN, P.J., and GEIGER, J., concur.