# Illinois Official Reports

## Appellate Court

---

**_U.S. Bank National Ass'n v. Johnston_, 2016 IL App (2d) 150128**

---

| | |
|---|---|
| Appellate Court Caption | U.S. BANK NATIONAL ASSOCIATION, as Trustee for Structured Asset Loan Trust, Mortgage Pass Through Certificates, Series 2005-3, Plaintiff-Appellant, v. ANN M. JOHNSTON; RONALD D. JOHNSTON, a/k/a Ronald Dean Johnston; JEFFREY D. SMITH; FIRST STATE BANK, as s/i/i to Valley Community Bank; UNKNOWN OWNERS; and NONRECORD CLAIMANTS, Defendants (Ann M. Johnston, Ronald D. Johnston, and Jeffrey D. Smith, Defendants-Appellees; Mortgage Electronic Registration Systems, Inc., Intervenor-Appellant). |
| District & No. | Second District<br>Docket No. 2-15-0128 |
| Filed | June 13, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Kane County, No. 14-CH-807; the Hon. John G. Dalton, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | William J. Holloway, of King Holloway LLC, of Chicago, for appellant U.S. Bank National Association.<br><br>David F. Standa, J. Matthew Goodin, and Ryan M. Holz, all of Locke Lord LLP, of Chicago, for appellant Mortgage Electronic Registration Systems, Inc.<br><br>Nathan B. Grzegorek, of Larson & Associates, P.C., of Chicago, for appellee Jeffery D. Smith. |

| Panel | JUSTICE McLAREN delivered the judgment of the court, with opinion.
| | Justices Jorgensen and Birkett concurred in the judgment and opinion.

**OPINION**

¶ 1    Plaintiff, U.S. Bank National Association (U.S. Bank), filed a foreclosure action against defendants Ann M. Johnston, Ronald D. Johnston (the Johnstons), and Jeffrey D. Smith. The Johnstons and Smith moved to dismiss U.S. Bank's complaint, based on a prior default judgment entered in favor of Valley Community Bank (VCB). Smith also argued that he was a *bona fide* purchaser for value of the subject property. The trial court dismissed U.S. Bank's complaint as barred by *res judicata*. On appeal, U.S. Bank argues, *inter alia*, that the trial court erred by ruling that its foreclosure action was barred by *res judicata*. We reverse and remand for further proceedings.

¶ 2                                    I. BACKGROUND

¶ 3    On November 3, 1997, the Johnstons executed a mortgage and a note against their real property located at 112 North 1st Street, Geneva, Illinois (the property). This mortgage conveyed a lien interest in the property to VCB, as security for a note in the principal sum of $57,650. This mortgage was recorded with the Kane County recorder of deeds on November 13, 1997.

¶ 4    On January 28, 2005, the Johnstons executed a second mortgage and note against the property, in the principal sum of $244,500. The mortgagee of the mortgage was intervenor, Mortgage Electronic Registration Systems, Inc. (MERS), which acted as nominee for the lender, BNC Mortgage, Inc. (BNC). The MERS mortgage and the BNC note were recorded with the Kane County recorder of deeds on March 11, 2005. The definitions section of the MERS mortgage provided the following:

"(C) 'MERS' is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument *** and has an address and telephone number of P.O. Box 2026, Flint MI 48501, tel. (888) 679-MERS.

(D) 'Lender' is BNC MORTGAGE, INC., A DELAWARE CORPORATION."

The MERS mortgage also provided the following:

"This Security Instrument secures to Lender (i) the repayment of the Loan and all renewal and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under the Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS, the following described property [(legal description and address of the property provided)].

* * *

*** Borrower understands and agrees that MERS holds only legal title to the interest granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property."

¶ 5    On June 9, 2006, the Johnstons executed a third mortgage and note against the property. This mortgage conveyed a lien interest in the property to VCB, as security for a note in the principal sum of $95,796.99. This 2006 VCB mortgage was recorded with the Kane County recorder of deeds on August 15, 2007.

¶ 6    On January 29, 2009, VCB filed a foreclosure complaint, naming as defendants the Johnstons and "BNC MORTGAGE, INC. NOW OWED [*sic*] BY CHASE HOME FINANCE, LLC."

¶ 7    VCB issued summons on "C.T. Corporation as registered agent of Chase Home Finance, LLC." The summons was served February 23, 2009, on C.T. Corporation in Plantation, Florida. The summons identified "Chase Home Finance, LLC" as "Defendant Corporation."

¶ 8    On July 30, 2009, the trial court entered a default judgment in favor of VCB in its foreclosure action. The default judgment provided in part:

"That any and all interest that BNC Mortgage, Inc., now owned by Chase Home Finance LLC has in the property located at 112 N. 1st St., Geneva, IL be and is hereby foreclosed and terminated, as they have failed to appear or answer after being served on Feb. 23, 2009."

¶ 9    According to a document recorded with the Kane County recorder of deeds on October 14, 2009, "[p]rior to" May 27, 2009, MERS, as nominee for BNC, assigned the Johnstons' mortgage to U.S. Bank. The assignment was notarized on August 6, 2009.

¶ 10    On November 5, 2009, the trial court entered a consent judgment in the VCB foreclosure action, providing in part:

"That the effect of said judgment by consent will satisfy the mortgage of indebtedness and vest absolute title to the mortgaged real estate known as 112 N. 1st Street, Geneva, IL 60134 to Valley Community Bank free and clear of all claims and liens and interest of the mortgagor including rights of reinstatement and redemption and the rights of all other persons made parties to the foreclosure whose interest are subordinate to that of Plaintiff."

¶ 11    On January 29, 2010, VCB sold the property to Smith.

¶ 12    On July 13, 2011, U.S. Bank filed a motion to quash summons. On January 27, 2014, the trial court, Judge Leonard J. Wojtecki presiding, denied U.S. Bank's motion.

¶ 13    On June 9, 2014, U.S. Bank filed a complaint to foreclose its mortgage against the property. MERS moved to intervene to "preserve its absolute right to service of process in any foreclosure proceeding that seeks to impact MERS's recorded interest in real property." The trial court granted MERS's motion to intervene.

¶ 14    On July 18, 2014, the Johnstons filed a motion to dismiss U.S. Bank's foreclosure complaint pursuant to section 2-619(a)(4) of the Code of Civil Procedure (Code) (735 ILCS 5/2-619(a)(4) (West 2014)). The Johnstons argued that U.S. Bank's complaint was barred by *res judicata*, based on the consent judgment entered in the VCB foreclosure action.

¶ 15    On August 6, 2014, Smith filed a motion to dismiss U.S. Bank's foreclosure complaint pursuant to sections 2-619(a)(4) and 2-619(a)(9) of the Code (735 ILCS 5/2-619(a)(4), (a)(9) (West 2014)). Smith argued that U.S. Bank's complaint was barred by *res judicata* and collateral estoppel, based on the default and consent judgments entered in the VCB foreclosure action. Smith also argued that he was a *bona fide* purchaser for value pursuant to section 2-1401(e) of the Code (735 ILCS 5/2-1401(e) (West 2014)).

¶ 16    Smith's motion to dismiss alleged the following facts. Prior to the 2006 VCB mortgage, "the Johnstons delivered a mortgage lien interest in the [property] to [MERS], as nominee for [BNC]. *** As evidenced by the BNC mortgage, MERS' role in this transaction was to act solely as BNC's 'nominee,' and the rights under the instrument, inure to BNC." "BNC closed its doors in 2007. *** Nothing in the Kane County Recorder's grantor-grantee index reflected the identity of BNC's successor until August 6, 2009, when an assignment of the BNC Mortgage to U.S. Bank (the 'Assignment') was recorded." VCB filed its foreclosure complaint on January 29, 2009. Because "MERS was merely the 'nominee' for the entity entitled to the benefits provided by the BNC Mortgage and the assignment of the instrument had yet to be recorded, VCB's counsel in the [VCB foreclosure action] consulted with Ronald [Johnston] regarding the identity of the current holder of the BNC Note and Mortgage in an effort to provide notice of the proceeding. *** Ronald [Johnston] advised VCB's counsel that all statements reflecting sums due under the BNC Note and Mortgage had been sent by Chase Home Finance, LLC's [*sic*] ('CHF') and all payments had been remitted to CHF's offices in Florida. Accordingly, VCB joined '[BNC] now owned by [CHF]' as a party-defendant in order to extinguish the lien of the BNC Mortgage. *** VCB served CHF by causing its summons and complaint to be delivered to the company's registered agent."

¶ 17    Smith attached to his motion to dismiss the affidavit of his attorney, Nathan Grzegorek, who stated the following. U.S. Bank produced "documents which demonstrate that [it] serves as the title-holding trustee for a securitizing pool (the 'Trust') of several thousand mortgage loans, including the BNC Note and Mortgage. Pursuant to the underlying Trust Agreement dated March 1, 2005 (the 'Trust Agreement'), Aurora Loan Services LLC was designated master servicer, and JPMorgan Chase Bank, N.A. ('JPMorgan') served as servicer for the mortgage loans held by the Trust. JPMorgan, in turn, entered into a subservicing agreement (the 'Sub-Servicing Agreement') which designated CHF as a sub-servicer for the BNC Note." Smith attached the "Sub-Servicing Agreement" but did not attach the alleged "Trust Agreement." Smith also attached the VCB foreclosure complaint, the summons issued in the VCB foreclosure action, the consent judgment in the same lawsuit, the BNC mortgage, and the affidavit of Ronald Johnston.

¶ 18    On September 24, 2014, U.S. Bank filed a response to Smith's and the Johnstons' motions to dismiss, alleging and arguing the following. On January 29, 2009, VCB filed a foreclosure action to foreclose both of its mortgages against the property. VCB did not name or serve MERS or U.S. Bank in its foreclosure action. Smith and the Johnstons could not establish the requirements of *res judicata*, for the following reasons. Because VCB did not name or properly serve U.S. Bank or MERS in VCB's foreclosure action (1) neither U.S. Bank nor MERS was a party to that prior action, (2) there was no final judgment concerning U.S. Bank's mortgage in that action, (3) there was no identity between that action and the instant matter, and (4) there was no identity of parties. Further, Smith was not a *bona fide* purchaser for value without notice of U.S. Bank's mortgage.

¶ 19 In addition, MERS filed a "Brief in Opposition To [Smith's] Motion to Dismiss."

¶ 20 On January 15, 2015, the trial court, Judge John G. Dalton presiding, granted Smith's and the Johnstons' motions to dismiss, based on *res judicata*. The trial court stated the following in part:

> "On November 5th, 2009, a Consent Foreclosure Decree was entered with prior written notice provided to CHF, vesting [VCB] with title to the premises.
>
> * * *
>
> *Res judicata* provides that a final Judgment is conclusive as to the rights of the parties and their privies and constitutes an absolute bar for a subsequent action involving the same claim, demand, or cause of action. *** Agency is a consensual fiduciary relationship between two persons or entities which gives the agent the power to affect the legal relations of the principal.
>
> In this case, U.S. Bank gave CHF such power at all times relevant hereto. The Subservicing agreement became effective 1-1-05 and required CHF to, quote, service and administer, closed quote, the BNC Note and Mortgage and vest CHF with, quote, full power and authority to do or cause to be done any and all things in connection with such servicing and administration which it may deem necessary or desirable, closed quote.
>
> Whether viewed through the lens of the Misnomer Doctrine or whether CHF is viewed as U.S. Bank's privy or U.S. Bank is considered to be estopped as an undisclosed principal, the Court finds due process not—is not offended here.
>
> The Court below held—or the Court in the earlier case held that CHF was properly served. There was an opportunity for U.S. Bank to appear in Defendant's claimed interest in the property and the Prior Foreclosure Action.
>
> Both motions to dismiss are hereby granted."

¶ 21 U.S. Bank filed a notice of appeal on February 4, 2013, and MERS filed its notice that it was joining U.S. Bank's notice of appeal on February 13, 2015.

¶ 22                                    II. ANALYSIS

¶ 23 A motion for involuntary dismissal under section 2-619 of the Code admits all well-pleaded facts and reasonable inferences therefrom. *Snyder v. Heidelberger*, 2011 IL 111052, ¶ 8. The motion should be granted only if the plaintiff can prove no set of facts that would support a cause of action. *Id*. When ruling on a section 2-619 motion to dismiss, a court must interpret all pleadings and supporting documents in the light most favorable to the nonmoving party. *Id*. We review *de novo* a section 2-619 order of dismissal. *Id.*

¶ 24 U.S. Bank challenges the dismissal of its foreclosure action, arguing that the trial court erred by ruling that its claim was barred by *res judicata*.

¶ 25 " 'The doctrine of *res judicata* provides that a final judgment on the merits rendered by a court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action.' " *Hudson v. City of Chicago*, 228 Ill. 2d 462, 467 (2008) (quoting *Rein v. David A. Noyes & Co.*, 172 Ill. 2d 325, 334 (1996)). Three requirements must be satisfied for *res judicata* to apply: (1) a final judgment on the merits has been reached by a court of competent jurisdiction, (2) an identity of cause of action exists, and (3) the parties or their privies are identical in both actions. *Id.* (citing *Downing v. Chicago Transit Authority*,

162 Ill. 2d 70, 73-74 (1994)). If any requirement is not met, *res judicata* will not apply. *Indian Harbor Insurance Co. v. MMT Demolition, Inc.*, 2014 IL App (1st) 131734, ¶ 28. The burden of showing that *res judicata* applies is on the party invoking the doctrine. *Hernandez v. Pritikin*, 2012 IL 113054, ¶ 41. We review *de novo* a dismissal pursuant to section 2-619(a)(4) of the Code (735 ILCS 5/2-619(a)(4) (West 2014)) based on *res judicata. Morris B. Chapman & Associates v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶ 26        U.S. Bank argues that the Johnstons and Smith failed to establish the first element of *res judicata*, namely, that there was a final judgment on the merits reached by a court of competent jurisdiction. U.S. Bank contends that the service of process in the VCB foreclosure action did not confer personal jurisdiction over MERS, U.S. Bank, or its predecessor in interest. Therefore, U.S. Bank argues, the consent judgment is void as to it and thus cannot bar U.S. Bank's foreclosure action.

¶ 27        To enter a valid judgment, a court must have personal jurisdiction over the parties. *BAC Home Loans Servicing, LP v. Mitchell*, 2014 IL 116311, ¶ 17. Personal jurisdiction can be established by service of process in accordance with statutory requirements or by a party's voluntary submission to the court's jurisdiction. *Id*. " 'Generally, a judgment rendered without service of process, where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings.' " *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 10 (quoting *Schorsch v. Fireside Chrysler-Plymouth, Mazda, Inc.*, 172 Ill. App. 3d 993, 1001 (1988)).

¶ 28        Service of process protects an individual's right to due process by providing proper notification and an opportunity to be heard. *In re Dar. C.*, 2011 IL 111083, ¶ 61. Effective service of process vests jurisdiction in the court over the person whose rights are to be affected by the litigation. *Performance Network Solutions, Inc. v. Cyberklix US, Inc.*, 2012 IL App (1st) 110137, ¶ 44. Therefore, a failure to effect service as required by law deprives a court of jurisdiction over the person, and any default judgment based on defective service is void. *Equity Residential Properties Management Corp. v. Nasolo*, 364 Ill. App. 3d 26, 32 (2006). Accordingly, a foreclosure judgment entered without service of process is void. *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); *Bank of New York Mellon v. Karbowski*, 2014 IL App (1st) 130112, ¶ 12. In addition, where a summons is invalid, service of the same is also without effect. *Schorsch*, 172 Ill. App. 3d at 1001.

¶ 29        In Illinois the use of summons is governed by statute and supreme court rules. Section 2-201(a) of the Code provides for the issuance of summons in civil cases, stating: "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. *** The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules." 735 ILCS 5/2-201(a) (West 2008).

¶ 30        Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) provides for the form of the summons, stating: "The summons shall be issued under the seal of the court, tested in the name of the clerk, and signed with his name. It shall be dated on the date it is issued, shall be directed to each defendant, and shall bear the address and telephone number of the plaintiff or his attorney." Illinois Supreme Court Rule 101(d) (eff. May 30, 2008) provides a sample form for the summons, stating that the summons shall be "substantially" in the form provided. The form provided includes a caption that directs "naming all defendants." *Id.* Illinois Supreme Court

Rule 131(c) (eff. Jan. 4, 2013), pertaining to pleadings and other documents, provides that, in cases where there are multiple parties, "it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.)

¶ 31　　This court has previously held that a summons issued in violation of the Code and the rules is void and results in a lack of personal jurisdiction over the defendant. See *Arch Bay*, 2015 IL App (2d) 141117, ¶¶ 14, 19; *Schorsch*, 172 Ill. App. 3d at 1002. We explained that " '[t]he procedures for issuance of summons set forth in section 2-201(a) [of the Code] and the supreme court rules must be adhered to in order to give the court personal jurisdiction over a defendant.' " *Arch Bay*, 2015 IL App (2d) 141117, ¶ 14 (quoting *Schorsch*, 172 Ill. App. 3d at 1001). Our supreme court has stated that "a summons which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56 (1937); see also *Arch Bay*, 2015 IL App (2d) 141117, ¶ 14 (this court stating the same, quoting *Ohio Millers Mutual*); *Theodorakakis v. Kogut*, 194 Ill. App. 3d 586, 588 (1990) (stating the same).

¶ 32　　For example, in *Theodorakakis*, the plaintiff filed a complaint against " 'Maywood Proviso State Bank u/t/a No. 4289.' " *Theodorakakis*, 194 Ill. App. 3d at 587-88. However, the summons served upon the bank incorrectly designated the trust number as 44289. *Id*. at 588. The trial court entered a default judgment against the bank. *Id*. The appellate court held that the summons was invalid, reasoning that, even though the body of the complaint contained the correct trust number, "the summons did not name a legal entity upon which service could be had." *Id*. at 589.

¶ 33　　Similarly, in *Arch Bay*, 2015 IL App (2d) 141117, the plaintiff filed a foreclosure complaint against Marta E. Romero de Perez and her husband, Isais Perez, and other defendants. *Id*. ¶¶ 1, 3. The case caption on each of the three summonses listed "Isais Perez *et al.*" as defendants. *Id*. ¶ 3. A second page attached to each summons directed that the summons be served on a list of defendants that included Marta and Isais Perez at the same address. *Id*. Marta was served by substitute service on her daughter. *Id*. Marta never appeared and a default judgment was entered against her. *Id*. ¶¶ 3, 4. This court held that the trial court lacked personal jurisdiction over Marta because her name did not appear on the face of the summonses. *Id*. ¶ 19. We explained, "To avoid confusion, jurisdictional rules are most functional when they are unambiguous and straightforward. Rule 101(a) requires that the summons 'shall be directed to each defendant.' Ill. S. Ct. R. 101(a) (eff. May 30, 2008)." *Id*. ¶ 19.

¶ 34　　Similar to *Arch Bay*, the caption on the issued summonses in the VCB foreclosure action listed "JOHNSTON ET AL" as defendants. See *id.* ¶ 3. Further, below the caption the summonses stated:

> "SERVE THIS DEFENDANT AT:
>
> Name: Chase Home Finance LLC
>
> CT Corporation system (Registered Agent)"

Similar to *Arch Bay*, the name of the proper defendant, BNC or MERS, did not appear on the face of the summonses in the VCB foreclosure action. See *id.* ¶ 19. Accordingly, the trial court lacked personal jurisdiction to enter any judgment against U.S. Bank's predecessor in interest

in that action. See *id*. Therefore, the Johnstons and Smith have failed to establish the first requirement of *res judicata*: that a final judgment on the merits has been reached by a court of competent jurisdiction. In light of this, the trial court erred by granting the Johnstons' and Smith's motions to dismiss U.S. Bank's foreclosure action.

¶ 35     Smith argues that the trial court correctly found that CHF was BNC's agent for purposes of accepting service of process. Smith contends that the plain language of the subservicing agreement required CHF to "service and administer" the BNC note and mortgage and vested CHF with "Full power and authority *** to do or cause to be done any and all things in connection with servicing and administration which [CHF] may deem necessary or desirable."

¶ 36     We need not address the language of the subservicing agreement, for the following reason. The subservicing agreement does not name U.S. Bank, or BNC or MERS, as a party to the agreement. Rather, the subservicing agreement provides that the agreement is between "JPMORGAN CHASE BANK, NATIONAL ASSOACIATION [*sic*], successor by merger to Bank One, N.A., *** and CHASE HOME FINANCN [*sic*] LLC." Although Smith's attorney stated in his affidavit that "JPMorgan, in turn, entered into a subservicing agreement (the 'Sub-Servicing Agreement') [that] designated CHF as a sub-servicer for the BNC Note," Smith does not cite any provision in the subservicing agreement where BNC is named as a party to the agreement. Accordingly, there is nothing in the agreement that establishes a relevant connection between BNC and CHF.

¶ 37     Smith also argues that the trial court properly determined that U.S. Bank is estopped from disputing issues related to its identity, because U.S. Bank was an undisclosed principal. Smith cites *Siebert v. Bleichman*, 306 Ill. App. 3d 841 (1999), to support his argument.

¶ 38     In *Siebert*, this court held that the plaintiff mistakenly sued an employee of a Laundromat. *Siebert*, 306 Ill. App. 3d at 847. The plaintiff failed to sue the undisclosed principal, the corporate owner, within the limitations period. *Id.* at 843. This court held that the claim against the corporate defendant related back to the original action against the employee, because the identity of the principal had been hidden from the plaintiff. *Id.* at 847. We reasoned that, "[w]hen a plaintiff's mistake about the identity of the proper defendant is caused or induced by a corporation's representations made through its agents, the corporation should be prevented from disputing the question of its correct identity." *Id*. at 845. In this case, unlike the plaintiff in *Siebert*, Smith has failed to establish that VCB could not have served the proper defendant. Rather, public record indicated that MERS could have been served on behalf of BNC, U.S. Bank's predecessor in interest. Accordingly, *Siebert* is distinguishable from this case.

¶ 39     Smith also argues that, pursuant to the jurisprudence governing the misnomer doctrine, any misidentification of the true party in interest in relation to the BNC mortgage was an excusable mistake. Smith contends that any misnomer relative to the identity of the holder of the BNC note and mortgage in the pleadings, motions, and orders filed in the VCB foreclosure action is correctable pursuant to section 401(b) of the Code (735 ILCS 5/2-401(b) (West 2014)).

¶ 40     Section 401(b) of the Code provides:

> "(b) Misnomer of a party is not a ground for dismissal but the name of any party may be corrected at any time, before or after judgment, on motion, upon any terms and proof that the court requires." 735 ILCS 5/2-401(b) (West 2014).

¶ 41     This section of the Code prevents a party from forcing the dismissal of a case due to a mistake in the name of a party. *Odle v. Department of State Police*, 2015 IL App (5th) 140274,

¶ 18. However, there is a difference between misnomer and mistaken identity: the former occurs when a plaintiff files an action against the correct party under an incorrect name; the latter occurs when a plaintiff names the wrong party. *Todd W. Musburger, Ltd. v. Meier*, 394 Ill. App. 3d 781, 806 (2009). The effect of misnomer is that the court acquires personal jurisdiction over the party who is called by an incorrect name but receives notice of the lawsuit. *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 742 (2008). The effect of mistaken identity is that the court does not acquire personal jurisdiction over the party wrongly named but served. See *id.* at 743. Such a judgment is void *ab initio. Barbour v. Fred Berglund & Sons, Inc.*, 208 Ill. App. 3d 644, 650 (1990). "This is especially true when the mistaken identity involves a nonexistent business." *Czekala*, 379 Ill. App. 3d at 743.

¶ 42    In VCB's foreclosure action, it named as defendant "BNC MORTGAGE, INC. NOW OWED [*sic*] BY CHASE HOME FINANCE, LLC." Nothing in the record indicates that this named entity exists. Therefore, the judgments entered in the action against "BNC Mortgage, Inc. now owned by Chase Home Finance, LLC" are void. See *Czekala*, 379 Ill. App. 3d at 743.

¶ 43    In addition, *Czekala* makes clear, regardless of misnomer:

> " 'A judgment rendered without service of process *** where there has been neither a waiver of process nor a general appearance by the defendant, is void regardless of whether the defendant had actual knowledge of the proceedings.' " *Id.* at 746 (quoting *Thill*, 113 Ill. 2d at 308).

Here, neither BNC nor MERS received proper service of process. Therefore, the judgments entered in the VCB foreclosure action are void as to U.S. Bank. See *id.* Accordingly, the trial court erred by granting the Johnstons' and Smith's motions to dismiss.

¶ 44    Finally, Smith argues that, although the trial court did not base its decision on Smith's status as a *bona fide* purchaser, we may affirm the dismissal of U.S. Bank's complaint on any basis warranted by the record. While we agree with Smith that we may affirm on any basis supported by the record (see *Maschek v. City of Chicago*, 2015 IL App (1st) 150520, ¶ 40), we disagree that Smith was a *bona fide* purchaser.

¶ 45    A *bona fide* purchaser of an interest in property takes that interest free and clear from all claims except those of which he has notice. *Schaffner v. 514 West Grant Place Condominium Ass'n*, 324 Ill. App. 3d 1033, 1046 (2001). However, a purchaser cannot be a *bona fide* purchaser if he had actual or constructive notice of the outstanding rights of other parties to the property. *Bank of New York v. Unknown Heirs & Legatees*, 369 Ill. App. 3d 472, 477 (2006). Actual notice is knowledge that the purchaser had at the time of the conveyance, and constructive notice is knowledge that the law imputes to the purchaser. *U.S. Bank National Ass'n v. Villasenor*, 2012 IL App (1st) 120061, ¶ 59. There are two types of constructive notice: record notice and inquiry notice. *Villasenor*, 2012 IL App (1st) 120061, ¶ 59. Record notice is what is shown in the records of the office of the recorder of deeds, whereas inquiry notice is that which appears in the records of the courts in the county where the property is located. *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 27. In addition, "a purchaser having notice of facts that would put a prudent man on inquiry is chargeable with knowledge of other facts he might have discovered by diligent inquiry." *Bank of New York*, 369 Ill. App. 3d at 477.

¶ 46    In this case, the MERS mortgage and its assignment had been recorded when Smith purchased the property. Further, the court records indicated that VCB failed to name either MERS or BNC in its foreclosure action. Therefore, in light of the record in this case, whether

Smith was a *bona fide* purchaser of the property is a disputed question of fact and is no basis for dismissal of U.S. Bank's foreclosure action. See *Schaffner*, 324 Ill. App. 3d at 1046.

¶ 47 Finally, we note that we need not address the additional legal arguments raised by U.S. Bank and MERS. We have determined that the order they contest must be reversed. Therefore, we need not address the Gordian knot that U.S. Bank and MERS desire this court to untie. Instead, we have cut the knot by addressing only those arguments that were necessary for the resolution of this case.

¶ 48                                III. CONCLUSION

¶ 49 For the reasons stated, we reverse the trial court's judgment and remand for further proceedings.

¶ 50 Reversed and remanded.