# Illinois Official Reports

## Appellate Court

---

### *Studentowicz v. Queen's Park Oval Asset Holding Trust,*
### 2019 IL App (1st) 181182

---

| | |
|---|---|
| Appellate Court Caption | WOJCIECH STUDENTOWICZ, Plaintiff-Appellant, v. QUEEN'S PARK OVAL ASSET HOLDING TRUST, Defendant-Appellee. |
| District & No. | First District, Sixth Division<br>Docket No. 1-18-1182 |
| Filed | February 15, 2019 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 15-L-71; the Hon. Allen P. Walker, Judge, presiding. |
| Judgment | Affirmed. |
| Counsel on Appeal | Chepov & Scott, LLC, of Chicago (Idene Saam, of counsel), for appellant.<br><br>Locke Lord LLP, of Chicago (Simon Fleischmann and David Standa, of counsel), for appellee. |
| Panel | PRESIDING JUSTICE DELORT delivered the judgment of the court, with opinion.<br>Justices Connors and Harris concurred in the judgment and opinion. |

**OPINION**

¶ 1        Wojciech Studentowicz sued Queen's Park Oval Asset Holding Trust (Trust) for personal injuries he suffered when he fell on the Trust's property in Midlothian, Illinois. The circuit court defaulted the Trust and entered a judgment for monetary damages following a prove-up hearing. Thereafter, the Trust filed a petition for relief under section 2-1401 of the Code of Civil Procedure (Code) (735 ILCS 5/2-1401 (West 2016)), contending that it was not properly served with summons and requesting that the judgment be vacated. The circuit court granted the section 2-1401 petition and quashed service on the basis that the name of the defendant listed on the face of the summons was inaccurate. We affirm.

¶ 2        Studentowicz served his lawsuit on the Trust through a fill-in-the-blank form alias summons bearing a caption reading in its entirety: "STUDENTOWICZ WOJCIECH v. QUEEN'S PARK" and the following information:

        "Defendant's address:

        QUEEN'S PARK

        R/A ROUNDPOINT MORTGAGE SERVICING

        5032 PARKWAY BOULEVARD

        CHARLOTTE, NC 28217

        CHARLOTTE, NC 28217 [*sic*]."

On March 24, 2015, the sheriff of Mecklenburg County, North Carolina, served the summons and complaint and returned a report of service listing the defendant as "Queens Park R/A Round Point Mortgage Servicing" and stating that "Corporate, LLC Partnership, Association or Government" service was accomplished by leaving a copy of the summons and complaint with "Dave Worral—President of Round Point at 5032 Parkway Plaza Blvd—CH NC 28217."

¶ 3        On June 19, 2015, the circuit court entered an order of default against "Queens Park Oval Asset Holding Trust" and set the matter for a prove-up hearing. The hearing was continued from time to time. On May 28, 2016, the court held the prove-up hearing and entered judgment against "the defendant" for $699,032, which was the sum of various lesser amounts specified for Studentowicz's medical bills, pain and suffering, loss of normal life, and permanency.

¶ 4        The parties dispute whether Studentowicz gave notice to the Trust regarding the hearing at which the court entered a default order (a date that was continued many times) or particular notice regarding the prove-up hearing. The record contains no proof of service that Studentowicz notified the Trust regarding the time and place of the prove-up hearing. But since a party in default loses the right to service of motions and other papers (Ill. S. Ct. R. 104(b) (eff. Jan. 1, 2018)) and the right to notice of a prove-up hearing on damages (*Kaput v. Hoey*, 124 Ill. 2d 370, 380 (1988)), the lack of such notice does not affect our analysis. We nonetheless note that our supreme court has suggested that professional courtesy dictates that plaintiffs provide notice in such circumstances. *Elfman v. Evanston Bus Co.*, 27 Ill. 2d 609, 615 (1963), *abrogated on other grounds by People v. Vincent*, 226 Ill. 2d 1, 15 (2007).

¶ 5        On January 4, 2018, the Trust filed a petition pursuant to section 2-1401 of the Code, seeking to vacate both the June 19, 2015, default order and the May 25, 2016, prove-up order. The petition alleged that "Queens Park is a non-existent entity" and that the Trust was not properly served because the alias summons did not properly identify the Trust and did not identify the Trust on its face at all. The petition concluded that this defect in service rendered

the judgments void *ab initio*. There is no dispute that the summons and complaint were served on Worral, who was a duly authorized agent of the Trust. The record suggests that the Trust did not respond to the summons and complaint because of negligence or administrative error.

¶ 6 Studentowicz filed an extensive response to the section 2-1401 petition, arguing as follows: (1) the Trust had actual notice of the pending lawsuit, (2) the petition failed to contain the required elements, (3) it was unjust to allow the Trust to take advantage of a misnomer when it knew that the summons referred to it and not some other entity, and (4) case law cited by the Trust was inapposite. The response included copies of e-mails between Studentowicz's attorneys and Trust staff members discussing the complaint and when the Trust would formally appear. Among other things, a Trust staff member requested that the attorneys send her a portable document format (PDF) copy of the complaint, and Trust staff acknowledged receipt of that copy, stating that "it is being addressed by the business reps that handle personal injury claims." After receiving no further response, Studentowicz inquired again and was told by a Trust litigation paralegal that the "matter is being managed by another department within our corporation." The Trust filed a reply in support of the section 2-1401 petition.

¶ 7 The record contains a bystander's report reciting that the circuit court conducted a hearing on the section 2-1401 petition on May 11, 2018. Besides relying on their briefs and attachments, Studentowicz presented documents from unrelated cases showing that the Trust used the abbreviated name "Queen's Park" on certain documents in other judicial proceedings. However, the bystander's report indicates that these documents were not entered into evidence. The circuit court entered an order granting the section 2-1401 petition and setting the case for further status. This appeal under Illinois Supreme Court Rule 304(b)(3) (eff. Mar. 8, 2016) followed.

¶ 8 On appeal, Studentowicz contends that (1) the Trust had actual notice of the underlying lawsuit, (2) the Trust was actually served, (3) it was clear that the Trust was the party intended to be sued, and (4) affirmance would establish a bad precedent under which parties with full knowledge of a lawsuit could ignore a summons and vacate default judgment years after the fact.

¶ 9 To begin, we note that the parties committed a common error when litigating the section 2-1401 petition. A section 2-1401 petition is the initial pleading in a new proceeding, rather than a pleading seeking relief in the midst of an ongoing case. *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 102 (2002). Because it is an initial pleading, a section 2-1401 petition is "procedurally the counterpart of a complaint and subject to all the rules of civil practice that that character implies." *Blazyk v. Daman Express, Inc.*, 406 Ill. App. 3d 203, 207 (2010). Studentowicz should not have filed a "response" to the section 2-1401 petition but instead pleaded to it as if it were a complaint, such as by filing an answer, or a motion under section 2-615 or 2-619 of the Code. See 735 ILCS 5/2-615, 2-619 (West 2016). The parties and the circuit court treated the petition as if it were a motion filed in the normal course of litigation. But this error was not fatal. Our supreme court has held that "the character of the pleading should be determined from its content, not its label. Accordingly, when analyzing a party's request for relief, courts should look to what the pleading contains, not what it is called." *In re Haley D.*, 2011 IL 110886, ¶ 67. Studentowicz filed a "response" to the section 2-1401 petition. That response, the original petition, and the reply were the functional equivalents of the briefs on a summary judgment motion, so they sufficed to frame a strictly legal question for the circuit court and this court. See *Klein v. La Salle National Bank*, 155 Ill.

2d 201, 205 (1993). We admonish the litigants to follow the appropriate procedure in the future.

¶ 10    Illinois Supreme Court Rule 101(a) (eff. May 30, 2008) requires that the summons "clearly identify the date it is issued [and] shall be directed to each defendant." Nonetheless, "[t]he use of the wrong form of summons [does] not affect the jurisdiction of the court." Ill. S. Ct. R. 101(g) (eff. May 30, 2008). A court should not elevate form over substance but should construe a summons liberally. *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 552 (1991).

¶ 11    When a defendant is not properly served, any order entered against that defendant is void *ab initio* regardless of whether he had knowledge of the proceedings. *Hatcher v. Anders*, 117 Ill. App. 3d 236 (1983). A section 2-1401 petition is the appropriate pleading to vacate a void judgment, such as a judgment entered upon invalid service of process, more than 30 days after the judgment was entered. *Sarkissian*, 201 Ill. 2d at 102; see also *LVNV Funding, LLC v. Trice*, 2015 IL 116129 (explaining that an order is void only in those instances where the court entering the order lacks either subject-matter jurisdiction or jurisdiction over the parties).

¶ 12    The issue before us is simply whether the designation "QUEEN'S PARK" was sufficient to "direct[ ]" the summons to the Trust under Illinois Supreme Court Rule 101(a). Because that issue is purely legal in nature, our review is *de novo. Warren County Soil & Water Conservation District v. Walters*, 2015 IL 117783, ¶ 47.

¶ 13    Illinois courts have addressed whether a summons is sufficiently "directed" to a defendant so as to vest the court with jurisdiction. The extreme example involves a summons that does not name a party on its face and notify that party to appear. That summons is not a summons at all, insofar as the unnamed person is concerned. *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44 (1937).

¶ 14    Closer questions arise when the summons exhibits some attempt at naming the defendant but does so in an incomplete manner or uses a misspelling. Case law on the issue is sparse. The most analogous case is *Theodorakakis v. Kogut*, 194 Ill. App. 3d 586, 588 (1990), in which the court reviewed a service defect similar to that presented here. In *Theodorakakis*, the court affirmed a circuit court order vacating a default judgment because the summons was directed to trust number 44289, even though the complaint caption and body thereof correctly designated the trust number as 4289. The court explained: "[t]he summons named a non-existent trust account. Thus, the summons did not name a legal entity upon which service could be had. The bank as trustee properly concluded that it need not, and indeed could not, respond." *Id.* at 589. The *Theodorakakis* court likewise rejected the plaintiff's claim that its usage of the correct trust number in the body of the complaint cured the deficiency in the summons. *Id.* That holding was later reinforced by authority such as *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, ¶ 19, where this court explained that a summons is to be evaluated on its own, not in conjunction with the contents of the complaint.

¶ 15    The problem with Studentowicz's argument is that it ignores the fact that business or entity names often have strikingly similar, or lengthy, names. Cases such as *Theodorakakis* impliedly recognize this and require some level of precision, to avoid confusion and ensure proper jurisdiction attaches when the summons is served. The name used in the summons here does not even indicate that defendant is a trust—a characteristic of some importance that would normally be noted in any recitation of the entity's name.

¶ 16    All that being said, we do not adopt a rule that requires summonses to name parties with utmost precision. Case law holds that defects such as minor misspellings and the inclusion or exclusion of initials are correctable misnomers and therefore not fatal. *Thielke v. Osman Construction Corp.*, 129 Ill. App. 3d 948, 951 (1985) (summons intended for a registered agent named "Osman" corporation was valid although directed to "Osmond").

¶ 17    To avoid this result, Studentowicz devotes a large portion of his arguments to a theory that our supreme court has soundly rejected. He provides documentation showing that employees and officials at the Trust's offices were fully aware of the pendency of the case and, in fact, had a copy of the complaint in their possession. Therefore, he submits, it would be unfair to quash service against the Trust at this late date. But the supreme court has explained that "[a] judgment rendered without service of process *** where there has been neither a waiver of process nor a general appearance by the defendant, is void *regardless of whether the defendant had actual knowledge of the proceedings*." (Emphasis added.) *State Bank of Lake Zurich v. Thill*, 113 Ill. 2d 294, 308 (1986); see also *Arch Bay Holdings, LLC-Series 2010B*, 2015 IL App (2d) 141117, ¶ 19 (knowledge of pendency of lawsuit is irrelevant to whether summons was in proper form). Additionally, "[e]quitable considerations are inapplicable when a section 2-1401 petition raises a purely legal issue because that type of petition will not involve a factual dispute." *Warren County Soil & Water Conservation District*, 2015 IL 117783, ¶ 47.

¶ 18    The parties have also submitted arguments regarding recent statutory amendments regarding civil summonses, which were enacted after the circuit court had ruled on the section 2-1401 petition. The General Assembly has amended section 2-201 of the Code by adding a new subsection (c):

> "(c) A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declarative of existing law." Pub. Act 100-1048, § 5 (eff. Aug. 23, 2018) (amending 735 ILCS 5/2-201).

Studentowicz argues that this amendment supports his position that the summons he issued to the Trust was valid. However, this argument falls short. Since the new law did not take effect until after the Trust was served, it cannot validate an otherwise invalid service. While it is true that procedural amendments may be given retroactive effect, those amendments may not be given retroactive effect if they would "impose new duties with respect to transactions already completed." (Internal quotation marks omitted.) *Commonwealth Edison Co. v. Will County Collector*, 196 Ill. 2d 27, 38 (2001). Either the Trust was validly served on March 24, 2015—and jurisdiction attached then—or it did not. The legislature cannot retroactively validate a summons that was invalid when it was served.

¶ 19    Moreover, even assuming that the new law might be relevant to our analysis, it does not address the defect complained of here. The amendment refers to the "format" of the summons, not the *content* of the summons, which is at issue here. It also maintains the existing requirement that the entity is "identified as a defendant on the summons." Accordingly, the new law does not weaken our conclusion that service was invalid.

¶ 20    Each party has filed motions requesting this court to take judicial notice of certain documents. This court took the motions with the case, and we now address them. Studentowicz asks that we take judicial notice of pleadings from various cases across the country involving the Trust that used the shortened name "Queens Park." The Trust, for its part, asks that we take

judicial notice of records from North Carolina showing there is an unrelated company registered in that state named simply "Queens Park," which the Trust argues shows there was a valid basis for confusion regarding to whom the summons was directed. These are interesting and provocative arguments, but they are ultimately irrelevant. Whether a company uses a shortened version of its name in certain contexts is not instructive on the issue before us, which is whether a summons—not a pleading—was valid. A company with a long name would be fully expected to sometimes use a shortened or abbreviated version on certain documents, much as someone with the name of "John F. Kennedy" might be known as "Jack." But a summons directed to President Kennedy indicating that only someone named "Jack [no last name]" is the defendant would clearly be invalid. Additionally, the appropriate place to take judicial notice of these particular facts was in the trial court, not this court. This is a court of review, not first view. See *Holland v. Florida*, 560 U.S. 631, 654 (2010). We therefore deny both parties' motions to take judicial notice.

¶ 21 In sum, we affirm the judgment of the circuit court of Cook County. We deny both parties' motions for judicial notice.

¶ 22 Affirmed.