CENTRAL STATES TRUCKING COMPANY, Plaintiff-Appellant, v. THE DEPARTMENT OF EMPLOYMENT SECURITY, Defendant-Appellee.

First District (4th Division)   No. 1—92—0166

Opinion filed June 3, 1993.

J. Kevin Hennessy and Ann L. Crane, both of Banta, Cox & Hennessy, of Chicago, for appellant.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and Daniel N. Malato, Assistant Attorney General, of Chicago, of counsel), for appellee.

PRESIDING JUSTICE JIGANTI delivered the opinion of the court:

The plaintiff, Central States Trucking Company (Central), appeals from the trial court's dismissal of its complaint for administrative review of the decision of the defendant, the Department of Employment Security, in an underlying dispute over the plaintiff's failure to pay assessments pursuant to the Unemployment Insurance Act (Ill. Rev. Stat. 1991, ch. 48, par. 300 *et seq.*). The court granted the defendant's motion to dismiss the plaintiff's complaint for failure to name the Director of the Department of Employment Security as a defendant. The court also denied the plaintiff's motion to amend the complaint.

On appeal, the plaintiff contends the court erred in dismissing the complaint because its failure to name the Director is not a jurisdictional requirement and the court should have allowed the plaintiff to amend its complaint under the "good-faith exception." The plaintiff further argues that although the word "Director" was not in the caption of the complaint, the Director was incorporated by reference by virtue of two exhibits which were attached to the complaint naming the Director.

On December 31, 1990, the Director of the Department of Employment Security, Sally Jackson, issued a decision in which she affirmed the recommendation of her representative as to determinations and assessments against Central for unpaid contributions. On January 25, 1991, Central filed a complaint for administrative review with the circuit court of Cook County. In the complaint, Central named "State of Illinois, Department of Employment Security" as the only defendant. Central attached two exhibits to the complaint. One exhibit was the full text of the decision of the Director of Employment Security, dated December 30, 1990. The other exhibit was a letter from Central's attorney, dated January 23, 1991, and addressed to Sally Jackson, Director of Employment Security. The letter advised Jackson that Central was seeking review of the captioned cases. The letter stated that "[t]he Complaint and summons will be served shortly." On January 25, 1991, a summons was issued in the case of "Central States Trucking Co., Plaintiff, v. State of Illinois, Department of Employment Security, Defendant." The certificate of mailing named the defendant as "State of Illinois, Dept. of Employment Security (Sally

A. Jackson, Director)." The return receipt was stamped by an employee of the Department of Employment Security and the clerk of the court wrote "D" before Sally Jackson's (Ward) name.

On February 21, 1991, the Department filed a motion to dismiss the complaint because the circuit court lacked jurisdiction as a result of Central's failure to name the Director a necessary party defendant in the case. Following a hearing, the court dismissed the complaint, without granting leave to amend, ruling that it did not have jurisdiction because the failure to name the Director as a party defendant was a fatal defect depriving the court of jurisdiction over the case.

The procedural requirements for the judicial review of an administrative decision are governed by the Administrative Review Law (Act) (Ill. Rev. Stat. 1991, ch. 110, par. 3—101 *et seq.*). Circuit courts derive their power to review administrative actions from our State Constitution. "Circuit Courts shall have such power to review administrative action as provided by law." (Ill. Const. 1970, art. VI, §9.) In the exercise of special statutory jurisdiction, if the mode of the procedure prescribed by statute is not strictly pursued, no jurisdiction is conferred on the circuit court. See *Fredman Brothers Furniture Co. v. Department of Revenue* (1985), 109 Ill. 2d 202, 486 N.E.2d 893; *Demchuk v. Duplancich* (1982), 92 Ill. 2d 1, 440 N.E.2d 112.

■■ Pursuant to the Administrative Review Law, an action for administrative review "shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby." (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) The form of the summons shall be according to the rules of the supreme court. (Ill. Rev. Stat. 1991, ch. 110, par. 3—103.) Summons must be issued on the administrative agency itself and on all defendants. (Ill. Rev. Stat. 1991, ch. 110, par. 3—105.) Section 3—107 requires that "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1991, ch. 110, par. 3—107.) Section 3—102 provides that "[u]nless review is sought *** within the time and in the manner herein provided," a party is barred from bringing an action for administrative review. (Ill. Rev. Stat. 1991, ch. 110, par. 3—102.) Since administrative review law is a departure from common law, the procedures it establishes must be strictly adhered to. *Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 95 N.E.2d 864.

■■ Central does not dispute that the Director was a party of record to the proceedings and should have been made a defendant, as mandated by section 3—107 of the Act. However, Central first asserts

that it complied with sections 3—103 and 3—105 of the Act because, within the 35-day time period, a summons and a copy of the complaint were served upon the Director, Sally Jackson, and she was also named as the defendant on the summons.

We do not agree that Central complied with the Act's requirements as it pertains to the summons. As we mentioned earlier, section 3—103 requires that the form of the summons shall be in accordance with the supreme court rules. Supreme Court Rule 101 specifies that the summons "shall be directed to each defendant." (134 Ill. 2d R. 101(a).) Rule 101(d) states that each defendant must be named in the caption of the summons. Contrary to Central's assertion that the summons was proper, the Director was not named in the caption and was named only parenthetically on the certificate of mailing. The Director was served with the summons, not as a named defendant, but rather in her capacity as head of the department. Thus, the requirements of sections 3—103 and 3—105 were not met.

Central has further argued that the trial judge erred in finding that the Director was not named in the body of the complaint. Central asserts that the Director was included in the complaint by the incorporation of two exhibits, the full text of the Director's decision and a letter from Central's counsel which was addressed to the Director informing her that Central was seeking review of her decision. Central contends that the trial judge ignored well-settled case law which holds that exhibits which are attached to the complaint become part of the pleadings and the facts stated in such exhibits are considered as being alleged in the complaint.

We do not agree that parties can be incorporated by reference by attaching exhibits to a complaint. This conclusion is unsupported by case law. Moreover, this argument ignores the clear and unambiguous language of the Act, which requires that "all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency shall be made defendants." (Ill. Rev. Stat. 1991, ch. 110, par. 3—107(a).) Further, this requirement has been held to be mandatory and specific, and admits of no modification. (*Winston v. Zoning Board of Appeals* (1950), 407 Ill. 588, 595, 95 N.E.2d 864.) The Director was simply not named as a defendant in Central's complaint and the requirement of section 3—107 of the Act was not met.

■ Central contends the court erred in finding that its failure to name the Director was jurisdictional. Central argues that the supreme court decision in *Lockett v. Chicago Police Board* (1990), 133 Ill. 2d 349, 549 N.E.2d 1266, should be read as holding that the section 3—107 requirement to name a necessary party is only mandatory. The

significance of this distinction lies in the *Lockett* court's application of a good-faith exception to the mandatory 35-day summons requirement. Thus, Central argues, if naming a necessary party is considered a mandatory requirement, the court in the case at bar would have concluded that the facts warranted the good-faith exception and would not have dismissed the complaint.

Both Central and the Department cite various appellate court cases which have varying views on whether the naming of defendants in administrative review cases should be considered a jurisdictional or mandatory requirement. It is not necessary that we determine the correct interpretation of *Lockett* as to this issue because no evidence exists in the instant case that Central made any effort to name the Director as a defendant. Central points to the attachments to the complaint, service of summons on the Director, and the timely filing of the complaint. We do not believe that these facts prove that Central made a good-faith effort to name the Director in its complaint. The good-faith exceptions, as depicted in *Lockett*, are situations where "due to some circumstance beyond their control, summons was not issued within the statutory period." (*Lockett*, 133 Ill. 2d at 355, 549 N.E.2d at 1268.) We find no indication of circumstances beyond Central's control which led to its failure to name the Director in its complaint. Our research has not found any cases in which a plaintiff's inadvertence in naming a necessary party was considered to be a good-faith effort.

We conclude that in the instant case the Director was not properly named in the complaint, the form of the summons was not according to the supreme court rules, and we have not found any evidence of a good-faith effort to comply with the requirements of the Act. (See Ill. Rev. Stat. 1991, ch. 110, pars. 3—103, 3—105, 3—107.) Accordingly, we find that the complaint for administrative review was properly dismissed by the circuit court.

For all of the aforementioned reasons, the judgment of the circuit court is affirmed.

Affirmed.

CAHILL and HOFFMAN, JJ., concur.