DARRYL VEAZEY, Plaintiff-Appellant, v. LINDA QUIGLEY DOHERTY, as Director of the Department of Employment Security, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—00—3635

Opinion filed January 16, 2002.—Rehearing denied January 9, 2002.

Aron D. Robinson, of Chicago, for appellant.

James E. Ryan, Attorney General, of Chicago (Joel D. Bertocchi, Solicitor General, and Marcia L. McCormick, Assistant Attorney General, of counsel), for appellees.

JUSTICE CERDA delivered the opinion of the court:

In this administrative review action, plaintiff, Darryl Veazey, appeals the order of the circuit court affirming the decision of defendant, the Board of Review (Board) of the Illinois Department of Employment Security (Department), finding plaintiff ineligible for unemployment insurance benefits. On appeal, plaintiff argues a finding in his favor on the issue of eligibility was mandated by the Administrative Review Law (Act) (735 ILCS 5/3—101 *et seq*. (West 1998)), his due process rights were violated by the Board, and the Board's decision of ineligibility was factually erroneous. We need not consider these issues since plaintiff's complaint must be dismissed as a result of his failure to comply with the Act's procedural mandates.

■ Section 3—102 of the Act explicitly conditions review of an administrative decision upon compliance within its provisions:

"Unless review is sought of an administrative decision within the time and in the manner herein provided, the parties to the proceeding before the administrative agency shall be barred from obtaining judicial review of such administrative decision." 735 ILCS 5/3—102 (West 1998).

Indeed, the Act is a departure from the common law and, as such, its provisions must be strictly adhered to by the parties. *ESG Watts, Inc. v. Pollution Control Board*, 191 Ill. 2d 26, 30, 727 N.E.2d 1022, 1025 (2000); *Fredman Brothers Furniture Co. v. Department of Revenue*, 109 Ill. 2d 202, 210-11, 486 N.E.2d 893 (1985).

In addition to requiring a complaint for review to be filed within 35 days from the date a copy of the decision sought to be reviewed was served on the appealing party (735 ILCS 5/3—103 (West 1998)), section 3—107(a) of the Act specifies that the complaint must name "the administrative agency and *all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency* *** [as] *defendants*." (Emphasis added.) 735 ILCS 5/3—107(a) (West 1998). As stated by our supreme court, "[t]his requirement is mandatory and specific, and admits of no modification." *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 354, 549 N.E.2d 1266, 1268 (1990). Service of summons is then required on all parties of record within the same 35-day period in which the complaint for review is to be filed. 735 ILCS 5/3—103 (West 1998).

While plaintiff's original complaint for review named the Department, its Director, the Board and the Board's individual members as

defendants, it did not, as the Department notes, include plaintiff's adversary to his benefits claim, namely Tele-Communications, Inc. (Tele-Communications), which appeared through its duly authorized representative James E. Frick, Inc. (Frick). According to the Department, Tele-Communications was a party of record to the administrative proceedings and, thus, was required under section 3—107(a) to be named by plaintiff in his complaint for review. Because plaintiff failed to join Tele-Communications, the Department asserts dismissal of plaintiff's cause is required.

Plaintiff asserts the Department has waived this issue for our consideration. Before addressing plaintiff's argument of waiver, a brief comment on the underlying proceedings is necessary.

In response to plaintiff's complaint for review, the Department moved to dismiss on the ground that Tele-Communications had not been included as a party-defendant. Plaintiff countered by asserting that Tele-Communications had not been his employer but, rather, that he had been employed by an entity known as LaSalle Telecommunications, Inc. (LaSalle). Plaintiff further sought leave from the circuit court to amend his complaint to add LaSalle as a defendant.

After lengthy consideration of the matter, the circuit court remanded the case to the Board for a determination of what entity had been plaintiff's employer. The Board subsequently concluded that Tele-Communications, not LaSalle, had employed plaintiff. Plaintiff challenged this determination and the circuit court reversed the Board's decision, finding the evidence established that LaSalle had been plaintiff's true employer. The court denied the Department's request to dismiss and allowed plaintiff leave to file an amended complaint joining LaSalle. Following the filing of plaintiff's amended complaint, the court considered the merits of the cause and upheld the Board's ruling that plaintiff was not eligible for unemployment insurance benefits.

■ Plaintiff maintains the Department is precluded from raising the issue of his compliance with the Act since it never cross-appealed the circuit court's order denying its motion to dismiss. We disagree. As stated by our supreme court, "findings of the circuit court adverse to the appellee do not require that the appellee cross-appeal if the judgment of the circuit court was not, at least in part, against him." *Landmarks Preservation Council v. City of Chicago*, 125 Ill. 2d 164, 174, 531 N.E.2d 9, 13 (1988). Here, while the Department was unsuccessful in obtaining a dismissal of plaintiff's cause, judgment was entered in its favor upon the merits of the complaint. Accordingly, the Department was not required to file a cross-appeal to preserve the issue of plaintiff's compliance with the Act for our consideration.

■ We agree with the Department's assertion that Tele-Communications was a party of record and, thus, was a necessary party to plaintiff's review action. Section 3—107(a) specifically requires that all parties of record, other than the plaintiff, be included as defendants in any complaint seeking administrative review. The record shows that Frick, as the duly authorized agent of Tele-Communications, challenged plaintiff's claim for unemployment insurance benefits and that, upon an initial determination establishing plaintiff's eligibility, instituted an appeal requesting that that determination be overruled. Frick, on Tele-Communications' behalf, further appeared at all relevant hearings held to determine plaintiff's eligibility. See *Board of Education of Bethany Community Unit School District No. 301 v. Regional Board of School Trustees*, 255 Ill. App. 3d 763, 766, 627 N.E.2d 1175, 1177 (1994) (stating that a party that appeared at the administrative agency proceedings "would be considered a party of record and would, therefore, have to be named as a defendant"). Equally noteworthy is that in both the hearing referee's written decision and the formal ruling of the Board, Tele-Communications is explicitly named as a party to the proceedings. See *Department of Communications v. Secretary of State Merit Comm'n*, 131 Ill. App. 3d 877, 883, 476 N.E.2d 482, 486 (1985) (in finding the Department of Personnel a party of record, the court stressed, in part, that the Department was named as a respondent to the proceedings before the administrative agency).

The foregoing undeniably establishes that Tele-Communications was a party of record in this case and, as such, needed to be named as a party-defendant and served with summons in the manner provided by the Act. Plaintiff did neither and, consequently, his complaint for review must be dismissed.[1] See *Lockett*, 133 Ill. 2d at 354, 549 N.E.2d at 1268 (holding the plaintiff's failure to join and properly serve the

---

[1]While some decisions have deemed the failure to name a necessary party under section 3—107(a) a jurisdictional defect that will preclude a court from considering a complaint for administrative review (see *Biscan v. Village of Melrose Park Board of Fire & Police Commissioners*, 277 Ill. App. 3d 844, 847, 661 N.E.2d 424, 427 (1996); *Central States Trucking Co. v. Department of Employment Security*, 248 Ill. App. 3d 86, 88, 618 N.E.2d 430, 432 (1993); *Associated General Contractors v. Chun*, 245 Ill. App. 3d 750, 754, 615 N.E.2d 386, 389 (1993)), our supreme court has avoided such a characterization, instead holding that the effect of noncompliance with the joinder requirements of section 3—107(a), regardless of its label, requires dismissal of the review proceeding. *McGaughy v. Illinois Human Rights Comm'n*, 165 Ill. 2d 1, 11, 649 N.E.2d 404, 409-10 (1995); *Lockett*, 133 Ill. 2d at 354-55, 549 N.E.2d at 1268. As explained by the court, "the failure to join all necessary parties is no

superintendent of police, who was a necessary party, mandated dismissal of action); *Veazey v. Baker*, 322 Ill. App. 3d 599, 604, 749 N.E.2d 1060, 1063 (2001) (finding Board of Review of the Department of Employment Security was a necessary party to review action and ruling that the claimant's failure to join and properly serve the Board required dismissal); *Zelisko v. Board of Fire & Police Commissioners*, 285 Ill. App. 3d 323, 328, 674 N.E.2d 489, 492 (1996) (administrative review action dismissed where plaintiff failed to name and properly serve a member of the board of fire and police commissioners who was deemed to be a necessary party).

Plaintiff does not seek the opportunity to file an amended complaint joining Tele-Communications as a defendant. Rather, plaintiff contends the filing of his amended complaint adding LaSalle, his asserted true employer, is sufficient to defeat dismissal. In so arguing, plaintiff relies on that portion of section 3—107(a) that states:

> "If, during the course of a review action, the [circuit] court determines that a party of record to the administrative proceedings was not made a defendant as required *** and only if that party was not named by the administrative agency in its final order as a party of record, then the court shall grant the plaintiff 21 days from the date of the determination in which to name and serve the unnamed party as a defendant." 735 ILCS 5/3—107(a) (West 2000).

Based on the above, plaintiff claims he had a right to file an amended complaint and suggests his amended pleading naming LaSalle satisfies the mandates of the Act.

The portion of section 3—107(a) cited above does nothing to thwart dismissal of plaintiff's cause. As that section expressly provides, amendment is allowed "only if [the] party [of record to the administrative proceedings] was not named by the administrative agency in its final order as a party of record." 735 ILCS 5/3—107(a) (West 2000). Here, Tele-Communications is expressly named as a party in the Board's written decision. Plaintiff, even assuming Tele-Communications was not so named, amended his complaint to add only LaSalle, which, according to the record materials, was never a party to the administrative proceedings. Clearly, the portion of section 3—107(a) relied upon by plaintiff has no application.

The fact LaSalle may have been plaintiff's true employer, a fact plaintiff emphasizes to this court, is of no consequence as to the ques-

___

less serious for being nonjurisdictional." *McGaughy*, 165 Ill. 2d at 12, 649 N.E.2d at 410. Thus, our characterization of plaintiff's failure to name Tele-Communications as a defendant here as jurisdictional or nonjurisdictional is of no consequence since the result of plaintiff's noncompliance with section 3—107(a) is the same in either case—dismissal of his complaint.

tion of plaintiff's compliance with the Act. Plaintiff's naming of La-Salle in his amended complaint has no bearing on our analysis since the Act necessitated that Tele-Communications, as a party of record, be included as a defendant. A party's strict compliance with the procedural requirements of the Act is mandated and, accordingly, plaintiff's failure to join and properly serve Tele-Communications is fatal to his complaint for review.

For the forgoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

WOLFSON and SOUTH, JJ., concur.