# Illinois Official Reports

## Appellate Court

*Ryan v. Zoning Board of Appeals*, 2018 IL App (1st) 172669

| | |
|---|---|
| Appellate Court Caption | SHEILA RYAN, Plaintiff-Appellant, v. THE ZONING BOARD OF APPEALS OF THE CITY OF CHICAGO, RAYMOND T. DeGRAZIA, LAURA SHEEHAN, and 636-638 WEST 37TH STREET, INC., Defendants-Appellees. |
| District & No. | First District, Fourth Division<br>Docket No. 1-17-2669 |
| Filed | November 8, 2018 |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 2016-CH-09800; the Hon. Anna Helen Demacopoulos, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | David S. Ruskin and Katherine H. Oblak, of Horwood Marcus & Berk Chtrd., of Chicago, for appellant.<br><br>Edward N. Siskel, Corporation Counsel, of Chicago (Kerrie Maloney Laytin and Myriam Zreczny Kasper, Assistant Corporation Counsel, of counsel), for appellee Zoning Board of Appeals of the City of Chicago.<br><br>James A. Roth, of Fidelity National Law Group, of Chicago, for appellee Laura Sheehan. |

Michael J. Flaherty and Timothy P. Mahoney, of Flaherty & Youngerman, P.C., of Chicago, for other appellees.

Panel              PRESIDING JUSTICE McBRIDE delivered the judgment of the court, with opinion.
Justices Gordon and Reyes concurred in the judgment and opinion.

**OPINION**

¶ 1          Over Sheila Ryan's objection, the Zoning Board of Appeals of the City of Chicago (Zoning Board of Appeals) granted a 2.5-inch reduction to the standard 24-inch setback required between the side of her home and the new home next door that was purchased by Laura Sheehan from building contractor Raymond T. DeGrazia and his corporation, 636-638 West 37th Street, Inc. Ryan attempted to overturn the board's decision by a judicial review in the circuit court of Cook County. The circuit court, however, granted Sheehan's motion to dismiss Ryan's complaint because the caption of her summons of service listed only "Zoning Board of Appeals of the City of Chicago, *et al*" as defendants and did not expressly include Sheehan. On appeal, Ryan contends that the summons adequately notified Sheehan of the legal action and that the decision to dismiss elevated form over substance. She asks us to reverse and remand for a resolution on the merits rather than on the basis of a minor technical error.

¶ 2          Ryan's property is located at 640 West 37th Street. For simplicity, we will use "638 West" to refer to the new construction at 638 West 37th Street and "636-38 corporation" to refer to home builder DeGrazia's company.

¶ 3          The record compiled before the Zoning Board of Appeals indicates the encroachment into the side setback was caused when the location for the new concrete foundation at 638 West was mismarked by a subcontractor. The builder testified he did not realize the error until after the foundation, walls, and roof were complete and it was no longer cost effective to alter the construction. The builder's attempts to amicably resolve Ryan's concerns about her adjacent residence were unsuccessful. 636-38 corporation asked the municipal zoning administrator for a variance from Chicago's RS-3 zoning ordinance, but the administrator denied the request. The Zoning Board of Appeals granted the variance after finding strict compliance would create a hardship on the builder and/or the new owner; the small encroachment was a mistake, not profit-motivated, and would not impact public safety or be injurious to other property; and a variance would not alter the essential characteristics of the neighborhood.

¶ 4          Ryan timely filed for judicial review of the board's decision dated June 22, 2016, and timely issued a summons on or about July 26, 2016, to the board; the builder, DeGrazia; and the new homeowner, Sheehan. The record includes a certified mail receipt that Sheehan signed at her new home on August 8, 2016, when she accepted delivery of the complaint and summons. Immediately below the caption was the subtitle "SUMMONS IN ADMINISTRATIVE REVIEW" and the following:

"To each defendant:

YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the clerk of this court located in Room 801, Richard J. Daley Center, Chicago, Illinois, within 35 days after the date of this summons."

¶ 5 This was followed by six lines of contact information for petitioner Ryan's attorney, on the left side of the page, and to the right of the attorney contact information was a date field which the clerk of the circuit court had completed by stamping the summons date "JUL 26 2016." Just below this paragraph, on the bottom half of the one-page summons, was the subtitle "CERTIFICATE OF MAILING" and the following:

"On _____, _____, I sent by registered mail a copy of this summons to each defendant addressed as follows:

| Defendant | Address |
|---|---|
| Zoning Board of Appeals—City of Chicago | 121 N. La Salle, room 905, Chicago, IL 60602 |
| Raymond T. DeGrazia | 3207 S. Emerald, Chicago, IL 60616 |
| Laura Sheehan | 638 W. 37th Street, Chicago, IL 60609 |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Dated: Dorothy Brown JUL 26 2016
Clerk of the Court"

¶ 6 DeGrazia filed a motion to dismiss on grounds that Ryan had failed to name his corporation as a party to her review action, despite the fact that 636-38 corporation had applied for the zoning variance. Ryan then sought leave to amend her complaint to include the corporation as a defendant. On February 23, 2017, the circuit court granted Ryan leave to amend and denied DeGrazia's motion as moot. Ryan filed her amended pleading the next day, and about two weeks later, Sheehan filed a special and limited appearance for purposes of challenging the contents of her summons. After written briefs and oral arguments, the circuit court granted Sheehan's motion on June 14, 2017, and later denied a motion for reconsideration.

¶ 7 Ryan contends the circuit court misapplied Illinois law in concluding that it lacked jurisdiction over Sheehan and was required to dismiss the complaint seeking administrative review. We review the circuit court's ruling *de novo*. *McGaw Medical Center of Northwestern University v. Department of Employment Security*, 369 Ill. App. 3d 37, 39, 860 N.E.2d 471, 474 (2006).

¶ 8 "In a general sense, 'jurisdiction' refers to the 'right or power to interpret and apply the law,' or to a court's 'sphere of authority or control.' " *In re M.W.*, 232 Ill. 2d 408, 414, 905 N.E.2d 757, 763 (2009) (quoting Webster's II New Collegiate Dictionary 601 (1999)). "In a technical, legal sense, however, jurisdiction is composed of two distinct elements: subject matter jurisdiction and personal jurisdiction." *In re M.W.*, 232 Ill. 2d at 414. A court can enter a valid judgment only if the court has subject matter jurisdiction to hear the type of claim and personal jurisdiction over the parties. *In re M.W.*, 232 Ill. 2d at 415.

¶ 9        The Administrative Review Law (Act) grants special statutory jurisdiction to circuit courts to review final decisions of administrative agencies such as the Zoning Board of Appeals "within the time and in the manner herein provided," *i.e.*, as provided in the statute. 735 ILCS 5/3-102 (West 2016). Because the Act is a departure from common law, the procedures it establishes must be strictly followed. *Lockett v. Chicago Police Board*, 133 Ill. 2d 349, 353, 549 N.E.2d 1266, 1267 (1990); accord *McGaw Medical Center*, 369 Ill. App. 3d at 42 (a circuit court's jurisdiction to review administrative decisions is derived solely from statute and if the statute's procedures are not "strictly pursued," then no jurisdiction is conferred on the circuit court (internal quotation marks omitted)). "The court may not resort to other law, either statutory or common law, that either expands or limits the provisions of the [Act] to obtain a different result." *McGaw Medical Center*, 369 Ill. App. 3d at 43.

¶ 10       Litigants, however, have struggled to follow the terms of the Act and vest the court with jurisdiction. The harsh consequences of seemingly minor errors have prompted the legislature to clarify the language of the Act and create exceptions for certain errors. See, *e.g.*, *Fragakis v. Police & Fire Comm'n of the Village of Schiller Park*, 303 Ill. App. 3d 141, 142-43, 707 N.E.2d 660, 661-62 (1999) (outlining numerous amendments to the Act and referring to the practice area as a "dangerous minefield").

¶ 11       For instance, rules abound on when to file, whom to name as defendants, and how to serve notice of an action. Section 3-103 of the Act requires an action for administrative review to be filed within 35 days from the date the decision sought to be reviewed was served on the affected party. 735 ILCS 5/3-103 (West 2016); *Nudell v. Forest Preserve District of Cook County*, 207 Ill. 2d 409, 411, 799 N.E.2d 260, 261 (2003). Unless the action is filed in the 35 day period, the circuit court lacks subject matter jurisdiction and the party is forever barred from obtaining judicial review. *Nudell*, 207 Ill. 2d at 423. Section 3-107 of the Act provides that the complaint must name as defendants "the administrative agency and all persons, other than the plaintiff, who were parties of record to the proceedings before the administrative agency." 735 ILCS 5/3-107 (West 2016). This requirement, however, has been deemed mandatory, instead of jurisdictional, and the legislature has created exceptions so that a petitioner may correct his or her complaint rather than seeing it dismissed for lack of subject matter jurisdiction. See *McGaw Medical Center*, 369 Ill. App. 3d at 43 (regarding the statutory amendment permitting the addition of an "employee, agent, or member of an administrative agency, board, committee, or government entity" (internal quotation marks omitted)).

¶ 12       As for personal jurisdiction, a plaintiff or petitioner submits to the personal jurisdiction of the court by the act of filing a petition or complaint. *In re M.W.*, 232 Ill. 2d at 426. A respondent or defendant becomes subject to the court's personal jurisdiction by consenting to personal jurisdiction by appearing in the action, or may have personal jurisdiction imposed upon him or her by the effective service of a summons. *In re M.W.*, 232 Ill. 2d at 426. The objectives of service of process on a defendant are, first, to notify a defendant of pending litigation so that she or he may appear and defend, and second, to vest personal jurisdiction in the court. *Charter Bank & Trust of Illinois v. Novak*, 218 Ill. App. 3d 548, 552, 578 N.E.2d 629, 631 (1991); *White v. Ratcliffe*, 285 Ill. App. 3d 758, 763-64, 674 N.E.2d 906, 911 (1996) ("[p]roper service of summons is a prerequisite for obtaining [personal] jurisdiction over a party," and "a judgment entered without proper service of process is void even if the party against whom a judgment is entered had notice of the proceedings"); *In re M.W.*, 232 Ill. 2d at 426.

¶ 13    Looking further into the procedures that must be followed to effectively invoke the personal jurisdiction of the circuit court, section 3-105 of the Act specifies the use of registered or certified mail to serve a summons for administrative review on the administrative agency and each of the defendants. 735 ILCS 5/3-105 (West 2016). Section 3-105 also provides, "The form of the summons *** shall be according to rules of the Supreme Court." 735 ILCS 5/3-105 (West 2016). Illinois Supreme Court Rule 101 (eff. Jan. 1, 2016) requires that a summons be "directed to each defendant" and that the format "substantially" follow the sample summons that is included in the rule.[1] The caption of the sample form directs "naming all defendants." Ill. S. Ct. R. 101(b) (eff. Jan. 1, 2016). Also relevant is Illinois Supreme Court Rule 131(c) (eff. Jan. 1, 2016), which concerns pleadings and other documents that are filed and served, and provides that, in cases where there are multiple parties, "it is sufficient in entitling documents, *except a summons*, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties." (Emphasis added.)

¶ 14    Sheehan persuaded the circuit court that Ryan's summons did not comply with these requirements and that these requirements were jurisdictional and could not be corrected by amending the complaint.

¶ 15    Long-standing precedent indicates a summons "which does not name a person on its face and notify him to appear, is no summons at all, so far as the unnamed person is concerned." *Ohio Millers Mutual Insurance Co. v. Inter-Insurance Exchange of the Illinois Automobile Club*, 367 Ill. 44, 56, 10 N.E.2d 393, 398 (1937). The summons in *Ohio Millers Mutual* was declared invalid because it failed to name approximately 3000 people and business entities on its face. *Ohio Millers Mutual*, 367 Ill. at 45, 56. The summons was directed only to " 'Inter Insurance Exchange of the Illinois Automobile Club, David Rosenbach, as attorney in fact of the Inter Insurance Exchange of the Illinois Automobile Club, and;' " *Ohio Millers Mutual*, 367 Ill. at 45. Attached to the back of the summons was a list of 3000 names without any further information about those people, corporations, and other firms, and the sheriff had made no attempt to serve anyone on the list. *Ohio Millers Mutual*, 367 Ill. at 45-46. The fatal defect in *Goodkind v. Bartlett*, 153 Ill. 419, 38 N.E. 1045 (1894), was that one of the defendants was not identified by name at all but was merely described as the person married to another of the defendants. The summons and complaint named "John N. Hummer and……Hummer, his wife" as defendants. *Goodkind*, 153 Ill. at 423. The court held that absent a statute permitting it, "persons, natural or artificial, cannot be made parties litigant by mere *descriptio personae*, but must be designated by name, both in the process and in the judgment." *Goodkind*, 153 Ill. at 423. The court distinguished the situation where the party has been identified by the wrong name, holding that "in case of misnomer, if the summons is served on the party intended, and he fails to appear, or, appearing, fails to object, the judgment against him will be binding." *Goodkind*, 153 Ill. at 423. The summons in *Theodorakakis v. Kogut*, 194 Ill. App. 3d 586, 588-89, 551 N.E.2d 261, 270 (1990), was deemed invalid because a trust was designated with the wrong number, "4289," even though the body of the complaint contained the correct number, "44289." The face of the summons did not name a legally existent party and a complaint is not considered part of the summons. *Theodorakakis*, 194 Ill. App. 3d at 589.

---

[1]The relevant version of Rule 101 included the sample form within the rule (Ill. S. Ct. R. 101(b) (eff. Jan. 1, 2016)), but as of 2018, the sample form was moved to the Article II Forms Appendix (Ill. S. Ct. R. 101 (eff. Jan. 1, 2018), Art. II Forms Appendix).

¶ 16    These principles were restated in *Arch Bay Holdings, LLC-Series 2010B v. Perez*, 2015 IL App (2d) 141117, 43 N.E.3d 562—a case that the circuit court expressly relied on in dismissing Ryan's complaint for administrative review. The defendant's name was omitted from the face of the summons and appeared only on an attached list that instructed the process server to serve certain individuals. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 16. Under *Ohio Millers Mutual*, the failure to include the defendant's name on the face of the summons rendered it "no summons at all." *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 16. The court further noted that a summons is to be evaluated on its own, not in conjunction with the contents of the complaint. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 19. Also, actual knowledge of an action through a flawed summons does not vest the court with personal jurisdiction. *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 19; *U.S. Bank National Ass'n v. Johnston*, 2016 IL App (2d) 150128, ¶ 28, 55 N.E.3d 742 (service of an invalid summons is ineffective).

¶ 17    Even so, courts "should not elevate form over substance, but should construe a summons liberally." *Novak*, 218 Ill. App. 3d at 552. The summons in *Novak* correctly named the defendant, provided the correct address for the courthouse, and was personally served on the defendant a month prior to the hearing. *Novak*, 218 Ill. App. 3d at 551. The summons' only flaw was that it did not specify a date for the defendant to appear. *Novak*, 218 Ill. App. 3d at 551. The court found that despite this failing, the summons adequately supported personal jurisdiction over the defendant because the document gave notice that a legal action had been brought against her and that a hearing would be conducted. *Novak*, 218 Ill. App. 3d at 551. When the defendant received the summons, she contacted the clerk of the court and was told the date, time, and courtroom number where the case would be heard. *Novak*, 218 Ill. App. 3d at 550. She went to that courtroom on the correct day and time. *Novak*, 218 Ill. App. 3d at 550. In a subsequent motion to quash service of process, she swore the case was not called while she was in the courtroom and that two days later she received a letter from the plaintiff's attorney informing her that a judgment had been entered against her that day. *Novak*, 218 Ill. App. 3d at 550. The court acknowledged that the document was " 'imperfect' " but found that the omitted information was "not so serious a deficiency" as to invalidate the summons. *Novak*, 218 Ill. App. 3d at 551-52. Despite its imperfection, the face of the summons achieved its intended purposes of (1) notifying the defendant of the pending litigation and enabling her to appear and defend and (2) vesting personal jurisdiction in the trying court. See *Novak*, 218 Ill. App. 3d at 552; *Johnston*, 2016 IL App (2d) 150128, ¶ 28 (service of process protects an individual's right to due process by providing notice and an opportunity to be heard and it vests jurisdiction over the individual). The fact that the defendant did not hear the case being called in the courtroom, or did not step forward and question the clerk about the case, could have occurred even if the defendant had received a summons that was technically perfect. *Novak*, 218 Ill. App. 3d at 551.

¶ 18    Additionally, in the context of the stricter service requirements imposed under the Act, the Illinois Supreme Court has emphasized that an established rule of statutory construction is to "liberally construe a right to appeal so as to permit a case to be considered on its merits." (Internal quotation marks omitted.) *Cox v. Board of Fire & Police Commissioners*, 96 Ill. 2d 399, 403, 451 N.E.2d 842, 844 (1983). Moreover, "[t]he underlying spirit of our system of civil justice is that controversies should be determined according to the substantive rights of the parties. This notion is not only intuitive—it is the articulated public policy of the State. See 735

ILCS 5/1-106 (West 1996)." *Smith v. City of Chicago*, 299 Ill. App. 3d 1048, 1054-55, 702 N.E.2d 274, 279 (1998).

¶ 19    Notably, the legislature recently amended the law concerning civil summons in order to clarify that technical errors do not deprive the circuit court of personal jurisdiction, which the trial judge did not have the benefit of prior to ruling on Sheehan's motion to dismiss. During the pendency of this appeal, the legislature amended section 2-201 of the Code of Civil Procedure by adding paragraph (c):

"§ 2-201. Commencement of actions-Forms of process.

(a) Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias process, and the service of copies of pleadings shall be according to rules.

(b) One or more duplicate original summonses may be issued, marked 'First Duplicate,' 'Second Duplicate,' etc., as the case may be, whenever it will facilitate the service of summons in any one or more counties, including the county of venue.

(c) *A court's jurisdiction is not affected by a technical error in format of a summons if the summons has been issued by a clerk of the court, the person or entity to be served is identified as a defendant on the summons, and the summons is properly served. This subsection is declarative of existing law.*" (Emphasis in original.) Pub. Act 100-1048, § 5 (eff. Aug. 23, 2018) (amending 735 ILCS 5/2-201).

¶ 20    Although section 2-201 is part of article II and thus concerns civil actions, rather than article III which is specific to administrative review actions, the amendment was to clarify existing law, rather than change it. We are confident that the legislature intended for summons to be evaluated consistently, rather than for special standards to be read into the language directly applicable to administrative review actions.

¶ 21    On appeal, Ryan contends that the face of the summons she sent to Sheehan for judicial review complied with the Act and the rules of the supreme court, despite the fact that the caption of the summons listed only "Zoning Board of Appeals of the City of Chicago, *et al*" as defendants and did not expressly include Sheehan. Ryan makes this argument because of the additional information on the face of the summons, which we set out above. Sheehan responds that a party seeking administrative review must strictly adhere to the procedures set out in the Act, but she "was named only parenthetically on the certificate of mailing [section of the summons]," and that case law supports the conclusion that the court lacked jurisdiction over Sheehan and properly dismissed Ryan's action. The three other parties, Zoning Board of Appeals, DeGrazia, and 636-38 corporation, filed appellate appearances, but not briefs.

¶ 22    We have evaluated the summons in light of the Act, rules of the Illinois Supreme Court, and objectives of service of process. In our opinion, the format and contents of this summons adequately notified Sheehan of the pending administrative review action and her opportunity to respond and also vested the circuit court with personal jurisdiction over Sheehan. The caption included *"et al.,"* in lieu of defendant Sheehan's (or defendant DeGrazia's) actual name, but this was followed by clear statements on the face of the summons that Sheehan was a "defendant" to an administrative review action Ryan filed in the circuit court and summoned Sheehan to respond to the proceeding in that new forum. Just below the caption was the

direction "[t]o each defendant *** to file an answer in this case or otherwise file your appearance *** within 35 days after the date of this summons;" and Sheehan's full name and mailing address was printed just slightly lower on the same page, under the columns "Defendant" and "Address," and immediately below the clerk's statement, "On [JUL 26 2016], I sent by registered mail a copy of this summons to each defendant addressed as follows." All of this information appeared on the face of the summons. This one-page summons repeatedly and clearly identified Sheehan as a "defendant" in an action in the circuit court of Cook County and summoned the defendant to respond to the proceeding in that new forum. Despite the use of *"et al."* in the caption, this summons adequately informed Sheehan of the pending action against her and what she needed to do in order to appear and defend her interests. See *Novak*, 218 Ill. App. 3d at 552. When looking at the face of this particular summons, we find that the use of the word *"et al."* in the caption, rather than expressly listing all the defendants in the caption, was a minor and inconsequential violation of the requirements of the Act and rules of the Illinois Supreme Court. There was no due process violation here. The circuit court obtained personal jurisdiction over Sheehan when she accepted certified mail delivery of Ryan's one-page summons and attached complaint for administrative review.

¶ 23     Sheehan's reliance on *Arch Bay Holdings* is misplaced, as the defendant's name in that case did not appear on the face of the summons at all. See *Arch Bay Holdings*, 2015 IL App (2d) 141117, ¶ 21 (reversing the trial court's denial of the borrower's motion to quash service in a mortgage foreclosure action where the face of the summons did not include the borrower's name). Here, however, Sheehan's name does appear prominently on the face of the summons, as a "Defendant," and the summons notifies "each defendant" of the time and place at which she must appear.

¶ 24     Sheehan's reliance on *Central States Trucking Co. v. Department of Employment Security*, 248 Ill. App. 3d 86, 618 N.E.2d 430 (1993), is also misplaced. In that case, a necessary party, the director of the Department of Employment Security, was omitted entirely from the summons and the complaint for administrative review. The director was named "only parenthetically on the certificate of mailing" in her capacity as the head of the defendant department and her name appeared in two exhibits attached to the complaint. *Central States Trucking*, 248 Ill. App. 3d at 89. The director was served with the summons, not as a named defendant, but in her capacity as head of the department. The reviewing court deemed both the summons and complaint defective due to the abject omission of the director as an actual party and affirmed the trial court's dismissal of the proceedings. *Central States Trucking*, 248 Ill. App. 3d at 90. In contrast, Ryan indicated Sheehan was a defendant on the face of the summons, named Sheehan as a party defendant in the complaint for administrative review, and served Sheehan with the summons and complaint in her capacity as a named defendant. To be clear, Sheehan's name was not enclosed within parentheses, and she was not identified in a representative capacity or by a title or other description—she was named as a defendant on the face of the summons. This case is not like *Central States Trucking*, 248 Ill. App. 3d 86. For that matter, it is not like *Goodkind*, 153 Ill. at 423, in which the summons and complaint named "John N. Hummer and ...… Hummer, his wife" as defendants and did not effectively include John N. Hummer's wife Rachael Hummer.

¶ 25     Nor is this case like *Hanke v. Department of Professional Regulation*, 296 Ill. App. 3d 825, 696 N.E.2d 12 (1998), despite Sheehan's contention that *Hanke* is directly on point and supports the dismissal of Ryan's complaint. In *Hanke*, the plaintiff sought administrative

review of the denial of an Illinois nursing license. *Hanke*, 296 Ill. App. 3d at 826. Although she summoned the director of the Department of Professional Regulation, she failed to cause summons to issue against the Department of Professional Regulation and on the individual members of the committee of nurse examiners. *Hanke*, 296 Ill. App. 3d at 827. Thus, *Hanke* and *Central States Trucking* are similar to each other, in that those plaintiffs made no attempt to serve necessary parties, and dissimilar from the present case in which the plaintiff effectively served all the necessary parties.

¶ 26    The face of this summons clearly communicated that Sheehan had been named and served as a defendant to Ryan's action for administrative review. Having found that the contents of the face of this timely summons were sufficient, we do not need to address the parties' additional arguments regarding the difference between jurisdictional and merely mandatory requirements under the Act, and whether Ryan was entitled to a good faith exception for noncompliance with the stated procedures. We reverse the dismissal order and remand the cause for further proceedings.

¶ 27    Reversed and remanded.