NOTICE

Decision filed 11/07/24. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2024 IL App (5th) 231309-U

NO. 5-23-1309

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

| | | |
|---|---|---|
| SORENTO PARENTS COMMITTEE OF TEN, DONALD A. WALL, AMIEE KRISTEN BAKER, DAVID W. CARROLL, PHILLIP S. DEAN, MELISSA K. GOYMERAC, DAVID P. HOLCMANN, JAMES REINEKE, JENNIFER S. HOXSEY, RANDY W. THACKER, and SUZETTE C. WILLIAMS, | ) ) ) ) ) ) ) | Appeal from the Circuit Court of Bond County. |
| Plaintiffs-Appellants, | ) ) | |
| v. | ) ) | No. 22-MR-10 |
| REGIONAL BOARD OF SCHOOL TRUSTEES FOR BOND, CHRISTIAN, EFFINGHAM, FAYETTE, AND MONTGOMERY COUNTIES, a/k/a Regional Office of Education #3 for Bond, Christian, Effingham, Fayette, and Montgomery Counties, | ) ) ) ) ) ) | |
| Defendant-Appellee | ) ) ) | |
| (Bond County Community Unit School District No. 2, Intervenor-Appellee). | ) ) ) | Honorable Andrew K. Carruthers, Judge, presiding. |

_____

JUSTICE McHANEY delivered the judgment of the court.
Presiding Justice Vaughan and Justice Welch concurred in the judgment.

**ORDER**

¶ 1    *Held*:    Where the Regional Board of School Trustees for Bond, Christian, Effingham, Fayette, and Montgomery Counties (RBST) made no findings of fact and conclusions of law in its administrative order denying the petition filed by the Sorento Parents Committee of Ten to detach and annex from the territory governed by the RBST, we reverse the circuit court's order affirming RBST's order; vacate RBST's order; and remand for further proceedings.

1

¶ 2    After the school board for Bond County Community Unit School District No. 2 (Bond County School) voted to close the public school in Sorento and redistribute its 107 students to other schools within the Bond County School system, the Sorento Parents Committee of Ten (Sorento Parents) filed its petition asking the RBST to detach its property from the Bond County School and attach its property to the adjacent Mount Olive Community Unit School District (Mount Olive School). Following a hearing, RBST issued its administrative order denying the Sorrento Parents' petition on September 6, 2022. The Sorrento Parents sought administrative review in the circuit court. Bond County School was granted leave to intervene as an interested party. On November 16, 2023, the Bond County circuit court affirmed RSBT's administrative order, from which the Sorento Parents appealed.

¶ 3                                    I. Background

¶ 4    After Bond County School closed the Sorento school, the majority of Sorento citizens determined that Mount Olive School would be better suited to serve their children's educational needs. In support, the Sorento Parents collected signatures of 73% of the Sorento residents impacted by the local school's closure. On May 12, 2022, the Sorento Parents and other Sorento community members filed their petition with RBST asking to detach from Bond County School and annex into Mount Olive School. In support of the petition, the Sorento Parents attached numerous sworn statements from Sorento residents outlining the significant direct educational benefits that their students would receive if the detachment and annexation was approved. Those benefits included substantially shorter school bus transportation times, smaller class sizes, a greater ability to participate in extracurricular activities, increased mental health resources, increased access to college and vocational classes, and increased parental involvement.

¶ 5    RBST held a hearing on the petition filed by the Sorento Parents on August 30, 2022. Through testimony and exhibits, the Sorento Parents introduced evidence to support its claim that annexation into the Mount Olive School would provide significant direct educational benefits to the former Sorento students, including smaller class sizes, which would allow students to receive more specialized attention. Parents of students with Individual Education Plans (IEPs) testified about the importance of smaller class sizes for children who require IEPs. The Sorento Parents presented testimony from the president of the Mount Olive Academic Foundation, an alumni organization supporting the Mount Olive School system. President, Roger Kratochvil, testified that Mount Olive has a high graduation rate, high student attendance, and tremendous financial support from the community. Some Sorento parents also testified that Mount Olive would provide a better educational benefit to their children because of its location, higher attendance and graduation rates, and community financial support.

¶ 6    Conversely, Bond County School is three times larger than Mount Olive School and has larger class sizes. Sorento parents testified that the larger class sizes in the Bond County School prevented teachers from familiarizing themselves with the Sorento students, and in certain cases, prevented Sorento students from participation in sports and other extracurricular activities. In addition, the Sorento Parents spoke with other educational experts about their concerns who provided research demonstrating that larger schools were not superior to smaller schools.

¶ 7    Part of the evidence focused on the extended school bus time required for transportation of the Sorento students. The one-way bus time for many of these students was two hours one way, or four hours each day. Parents testified that the long bus rides had adverse effects on the students, especially the younger students, which included less time to participate in academic and extracurricular activities. Dr. Karen Eppley, an education expert, testified that long bus rides had

multiple negative effects on children: reduced downtime for students, reduced time for extracurricular activities, extended length of the school day, negatively impacted academic performance, reduced hours of sleep, and decreased student attendance.

¶ 8    After the hearing, RBST entered its order denying the petition, concluding that the Sorento Parents failed to establish that the students would derive any significant and direct educational benefits by switching from the Bond County School to the Mount Olive School. The circuit court affirmed this order on November 16, 2023.

¶ 9                                    II. Analysis

¶ 10    On appeal, the Sorento Parents argue that RBST erred in denying their petition for detachment and annexation. "A regional board's decision to grant or deny a petition to detach and annex pursuant to section 7-6 of the School Code [(105 ILCS 5/7-6 (West 2022))] is an administrative decision for purposes of the Administrative Review Law [citation]." *Board of Education of Roxana Community Unit School District No. 1 Madison County v. Regional Board of Trustees of Madison County*, 2021 IL App (5th) 200277, ¶ 18. Thus, on appeal, we review the board's ruling, and not the circuit court's ruling. *Id.* (citing *Shephard v. Regional Board of School Trustees of De Kalb County*, 2018 IL App (2d) 170407, ¶ 16).

¶ 11    As the Administrative Review Law (735 ILCS 5/3-101 *et seq.* (West 2022)) is a divergence from common law, the parties must strictly follow its provisions. *ESG Watts v. Pollution Control Board*, 191 Ill. 2d 26, 30 (2000); *Veazey v. Doherty*, 327 Ill. App. 3d 522, 523 (2002).

¶ 12    We turn to the applicable statutory and administrative law sections to assess whether RBST's order was compliant. Section 7-6(k) of the Illinois School Code states: "At the conclusion of the hearing, the regional superintendent of schools as secretary to the regional board of school trustees shall, within 30 days, enter an order either granting or denying the petition." 105 ILCS

4

5/7-6(k) (West 2022). Section 7-6(k) does not mandate that the regional superintendent include its rationale for granting or denying the petition. *Id.* In contrast, the Illinois Administrative Procedure Act explicitly provides:

> "A final decision or order adverse to a party (other than the agency) in a contested case shall be in writing or stated in the record. A final decision shall include findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." 5 ILCS 100/10-50(a) (West 2022).

Additionally, section 3-110 of the Code of Civil Procedure specifies that judicial review of an administrative decision is limited to the agency's findings of fact and conclusions of law. 735 ILCS 5/3-110 (West 2022). "The findings and conclusions of the administrative agency on questions of fact shall be held to be *prima facie* true and correct." *Id.*

¶ 13 Construing these statutes and the regulation together, the administrative agency's order must include factual findings and legal conclusions. Caselaw also supports this requirement. In *Reinhardt v. Board of Education of Alton Community Unit School District No. 11*, 61 Ill. 2d 101 (1975), the Illinois Supreme Court held that an administrative agency's order must contain sufficient findings to enable judicial review of the agency's decision, stating: "The ground for the agency's action must be 'clearly disclosed and adequately sustained.' " *Id.* at 103 (quoting *Securities & Exchange Comm'n v. Chenery Corp.*, 318 U.S. 80, 94 (1943)).

¶ 14 Here, RBST's complete order states:

> "The Regional Board of School Trustees having heard and considered the testimony and being fully advised in the premises, used the following in denying the Petition:

1. That a significant direct educational benefit to the petitioners' children was *not* proven.

2. Based on first finding in keeping with Illinois Law, the Regional Board is unable to consider the community of interest of the petitioners and their children and the effect detachment will have on the whole child."

(Emphasis in original.)

¶ 15    RBST's order did not contain any findings of fact or conclusions of law in support of its order. In *Violette v. Department of Healthcare & Family Services*, 388 Ill. App. 3d 1108 (2009), this court was faced with a similar administrative order lacking factual and legal findings. We noted that, "[w]hile an agency need not make a finding on each evidentiary fact or claim, its findings must be specific enough to permit an intelligent review of its decision." *Id.* at 1112 (citing *Ress v. Office of the State Comptroller*, 329 Ill. App. 3d 136, 140 (2002)).

¶ 16    Having reviewed the administrative order in this case, we confirm that RBST did not include any findings of fact or conclusions of law to support its ultimate conclusion. The order simply concluded that the Sorento Parents failed to prove a significant direct educational benefit to their children by the proposed detachment and annexation. "A final administrative decision must articulate the grounds for its decision so that a reviewing court can understand how the decision was reached and can render an intelligent review of that decision." *Id.* at 1113. Without the required findings of fact and conclusions of law, we have no basis upon which to review RBST's decision for error. The final decision in this case fails to meet the "intelligent review" standard. *Id.* The circuit court should have remanded this case to RBST with directions to carefully reconsider its decision considering the applicable standards. *Id.* (citing *Board of Education of Minooka Community Consolidated School District No. 201 v. Ingels*, 75 Ill. App. 3d 334, 337 (1979)).

6

¶ 17    Because we are reversing the circuit court's order, vacating the administrative decision, and remanding this case to RBST for additional proceedings, review, evaluation, and decision, we do not reach the merits of the Sorento Parents' petition.

¶ 18                                    III. Conclusion

¶ 19    For the foregoing reasons, the judgment of the circuit court of Bond County is hereby reversed; the administrative decision of RBST is vacated; and the cause is remanded for further proceedings consistent with this order.


¶ 20    Judgment reversed; administrative order vacated; and cause remanded.