2020 IL App (1st) 181561-U

No. 1-18-1561

Order filed April 3, 2020

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| ROBERT C. EARLY, | ) | |
| | ) | |
|    Plaintiff-Appellant, | ) | |
| | ) | |
|   v. | ) | |
| | ) | |
| ALLANT GROUP, INC., an Illinois corporation, ALLANT | ) | |
| GROUP LLC, a Delaware Limited Liability Company, and | ) | Appeal from the |
| FRANK L. SCHIFF, an individual, | ) | Circuit Court of |
| | ) | Cook County. |
|    Defendants-Appellee, | ) | |
| | ) | |
| _____ | ) | |
| ALLANT GROUP, INC., | ) | |
| | ) | No. 16 L 011967 |
|    Third-Party Plaintiff, | ) | |
| | ) | |
|   v. | ) | |
| | ) | Honorable |
| ALLANT GROUP, LLC, | ) | James E. Snyder, |
| | ) | Judge, Presiding. |
|    Third-Party Defendant. | ) | |

_____

JUSTICE HALL delivered the judgment of the court.
Presiding Justice Hoffman and Justice Delort concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Material issues of fact preclude summary judgment in favor of either party. We affirm the circuit court's order which denied plaintiff's motion for summary judgment and reverse summary judgment entered in favor of defendants. Plaintiff's failure to make any argument on the issue of whether the circuit court properly granted New Allant's motion to dismiss his first amended complaint forfeits that issue on appeal.

¶ 2    Plaintiff, Robert Early, appeals from an order of the circuit court granting summary judgment in favor of the defendants, Allant Group, Inc. (Allant), Frank Schiff (Schiff) (collectively defendants), on his breach of contract and Illinois Wage Payment and Collection Act (Wage Act) (820 ILCS 115/2 (West 2016)) claims, and denying his cross-motion for summary judgment. He also appeals the circuit court's order granting Allant Group, LLC's (New Allant) motion to dismiss his first amended complaint. For the reasons that follow, we reverse the summary judgment entered in favor of the defendants, affirm the denial of summary judgment in favor of plaintiff and remand for further proceedings.

¶ 3                                    BACKGROUND

¶ 4    On October 22, 2009, Allant executed an employment agreement with plaintiff in which plaintiff agreed to serve as the Executive Chairman for Allant. It is uncontested that in November of 2013, Schiff hired a company to begin the process of selling Allant. Plaintiff executed the engagement letter and found buyers for Allant's Addressable TV Business and Core Business. On December 1, 2015, Allant sold its addressable TV business.

¶ 5    On January 26, 2016, Allant sold its core business by entering into an Asset Purchase Agreement (purchase agreement) with VntCap Technologies, LLC, operating as New Allant. New Allant and Allant also agreed to the following regarding Allant's employees, including plaintiff:

> "**ARTICLE 6. Covenants. 6.1 Employees and Employee Benefits**. (a) Buyer shall promptly after the date of this Agreement but in all events prior to the Closing Date make offers of employment to each employee of Seller on substantially the same terms and

conditions of employment under which each such employee operated and benefitted immediately prior to the Closing Date."

¶ 6    On February 1, 2016, five days after the purchase agreement was signed, plaintiff executed a Consulting Agreement with New Allant agreeing to work at an hourly rate until April 30, 2016. The consulting agreement did not provide severance. The record indicates that plaintiff continued to work for New Allant until June of 2016.

¶ 7    From June until August of 2016, plaintiff and Schiff engaged in discussions in which plaintiff requested severance pursuant to the terms of his employment agreement in the amount of $358,026. Defendants eventually denied plaintiff's request and responded that plaintiff's employment agreement had been assigned to New Allant pursuant to the terms of the purchase agreement between Allant and New Allant.

¶ 8    On December 8, 2016, plaintiff filed a two-count complaint against Allant and Schiff. In count I, breach of contract, plaintiff alleged that his employment with Allant was terminated without cause upon the closing of the purchase agreement between Allant and New Allant. Plaintiff also alleged that Allant had breached the employment agreement by refusing to pay him severance pursuant to the express terms of the agreement. Section 6(d), provided in relevant part:

> "**6. CONSEQUENCES OF TERMINATION.** * * * (d) **TERMINATION WITHOUT CAUSE OR FOR GOOD CAUSE OR AS A RESULT OF NON-EXTENSION OF THE AGREEMENT BY THE COMPANY**. If the Executive's employment by the Company is terminated (x) by the Company other than for Cause, (y) by the Executive for Good Reason, or (z) as a result of non-extension of the Employment Term by the Company as provided in Section 2 hereof, the Company shall pay or provide the Executive with the following: * * * (ii) subject to the Executive's continued compliance with the obligations in Sections 7, 8 and 9 hereof, an amount equal to the Executive's monthly Base Salary rate (but not as an employee), paid monthly for a period of 12 months following such termination * * *." (Emphasis in original)

¶ 9 There are several other provisions that are also relevant to plaintiff's complaint. Pursuant to section 7 of the employment agreement, in order to trigger severance, plaintiff was required to complete a release "within 60 days following termination." Section 7 provided in relevant part:

> "**7. RELEASE**. Any and all amounts payable and benefits or additional rights provided pursuant to this Agreement * * * shall only be payable if the Executive delivers to the Company and does not revoke a general release of claims in favor to the Company in substantially the form attached on Exhibit A hereto. Such release shall be executed and delivered (and no longer subject to revocation, if applicable) within 60 days following termination."

The general release described in section 7 further provided that plaintiff would not receive severance unless he executed the general release.

¶ 10 In addition, section 2, Employment Terms, provided in relevant part:

> "2. **EMPLOYMENT TERM**. The Company agrees to employ the Executive pursuant to the terms of this Agreement, and the Executive agrees to be so employed, for a term of one year (the "Initial Term") commencing as of the date hereof (the "Effective Date"). On each anniversary of the Effective Date following the Initial Term, the term of this Agreement shall be automatically extended for successive one-year periods; provided, however, that either party hereto may elect not to extend this Agreement by giving written notice to the other party at least 30 days prior to any such anniversary date. Notwithstanding the foregoing, the Executive's employment hereunder may be earlier terminated in accordance with Section 5 hereof, subject to Section 6 hereof. The period of time between the Effective Date and the termination of the Executive's employment hereunder shall be referred to herein as the "Employment Term."

¶ 11 Because plaintiff believes he was terminated "without cause," section 5, termination, is also relevant. It provided:

> "**5. TERMINATION**. The Executive's employment and the Employment Term shall terminate on the first of the following to occur: * * * (d) **WITHOUT CAUSE.** Immediately upon written notice by the Company to the Executive of an involuntary termination without Cause (other than for death or Disability) * * *."

¶ 12 In count II of plaintiff's complaint, violation of the Wage Act (820 ILCS 115/2 (West 2016)), he alleged that the severance amount due constituted final compensation to be paid at the

time of separation or not later than the next regularly scheduled payday for the employee (820 ILCS 115/5 (West 2016)), and if the employer does not pay, the employee can file a civil action for recovery (820 ILCS 115/14(a) (West 2016)).

¶ 13    In January of 2017, defendants, Allant and Schiff, sent correspondence to New Allant informing New Allant of plaintiff's complaint. Defendants informed New Allant that the employment agreement should not have ended when the purchase agreement was executed. The letter further stated that New Allant was obligated to assume the employment agreement and offer plaintiff continued employment "on substantially the same terms and conditions of employment" that he had prior to the execution of the purchase agreement. Defendants stated that assuming the allegations in plaintiff's complaint were true, New Allant was also obligated to defend and indemnify Allant for any losses it may sustain.

¶ 14    In February of 2017, defendants, Allant and Schiff, filed a section 2-615 (735 ILCS 5/2-615 (West 2016)) motion to dismiss plaintiff's complaint, asserting that plaintiff was not entitled to severance because he failed to sign the general release within 60 days of his alleged termination which was a condition precedent pursuant to section 7 of the employment agreement. The circuit court denied defendants' motion to dismiss.

¶ 15    On June 15, 2017, Allant filed a third-party declaratory judgment action against New Allant requesting that New Allant defend and indemnify it against any claims asserted against it by plaintiff for damages it had or would have incurred as a result of New Allant's refusal to honor its commitment under the purchase agreement.

¶ 16    On July 31, 2017, plaintiff filed his first amended complaint adding New Allant as an additional defendant. Count I of the first amended complaint, once again, alleged breach of

contract allegations against Allant and Schiff. Newly added count II alleged an alternate breach of contract claim against New Allant and count III alleged violations of the Wage Act by all defendants. In count II, plaintiff alleged, in the alternative, that the employment agreement had been assigned to New Allant and that New Allant breached the employment agreement by refusing to pay him severance following his termination without cause.

¶ 17   On August 30, 2017, Allant and Schiff filed a section 2-619(a) (735 ILCS 5/619(a) (West 2016)) motion to dismiss Early's first amended complaint with prejudice.  Defendants argued that plaintiff and New Allant had modified the terms of the employment agreement by entering into a consulting agreement. Defendants also argued that plaintiff had failed to satisfy a condition precedent for receiving severance by failing to tender a general release required by the employment agreement.

¶ 18   On the same date, New Allant filed a section 2-619.1 (735 ILCS 5/2-619.1 (West 2016)) motion to dismiss Allant's third-party complaint and plaintiff's first amended complaint with prejudice. New Allant argued that the employment agreement was not assigned because the agreement contained a provision against assignments which provided:

> "**11. NO ASSIGNMENTS.** * * * This Agreement is personal to each of the parties hereto. Except as provided in this Section 11 hereof, no party may assign or delegate any rights or obligations hereunder without first obtaining the written consent of the other party hereto. The Company may assign this Agreement to any successor to all or substantially all of the business and/or assets of the Company, provided that the Company shall require such successor to expressly assume and agree to perform this Agreement in the same manner and to the same extent that the Company would be required to perform it if no such succession had taken place. As used in this Agreement, "Company" shall mean the Company and any successor to its business and/or assets, which assumes and agrees to perform the duties and obligations of the Company under this Agreement by operation of law or otherwise." (Emphasis in original)

New Allant also argued that severance obligations were not assigned under the purchase agreement and that even if they were assigned, plaintiff had voluntarily agreed to act as a consultant with New Allant instead of an employee.

¶ 19    On October 25, 2017, the circuit court granted New Allant's motion to dismiss Allant's third-party complaint and its motion to dismiss plaintiff's first amended complaint. The court also denied Allant and Schiff's motion to dismiss plaintiff's first amended complaint.

¶ 20    On November 15, 2017, Allant filed its first amended third-party complaint against New Allant. New Allant filed a motion to dismiss it on December 13, 2017.

¶ 21    In January of 2018, plaintiff and defendants, Allant and Schiff, filed cross-motions for summary judgment. In his motion for summary judgment, plaintiff contended that he was entitled to judgment because that Allant breached the employment agreement by failing to pay his severance. Plaintiff further contended that Schiff was personally liable as an officer of the corporation. In his supporting affidavit, plaintiff averred that: on June 17, 2016, he emailed Schiff to request severance pursuant to the terms of his employment agreement with Allant; Schiff stated that he did not believe there would be enough money to pay plaintiff after payments were made for other obligations and liabilities; and Schiff asked whether New Allant had taken over his severance payment to which plaintiff responded that the employment agreement had not been assigned to New Allant. Plaintiff averred that he sent Schiff several other emails but received no response. Plaintiff and Schiff had several subsequent telephone discussions regarding plaintiff's severance, and in August of 2016, Schiff informed plaintiff that Allant would not pay the severance because it had been assigned to New Allant. Plaintiff also averred that there were no issues of material fact precluding the circuit court from granting summary judgment in his favor.

¶ 22    In defendants' motion for summary judgment, they contended that plaintiff was not entitled to severance because: Allant did not affirmatively terminate plaintiff's employment pursuant to the terms of the employment agreement; plaintiff was not eligible for severance because it was expressly conditioned on his execution of the general release; and plaintiff could not comply with the restrictive covenants in the employment agreement while working for New Allant.

¶ 23    During the hearing on the cross-motions for summary judgment, the court reasoned that the plain language of the employment agreement required plaintiff to tender a general release prior to receiving severance. The court further stated that defendants' alleged anticipatory repudiation was not properly before the court and, because the parties did not claim that the employment agreement was ambiguous, there was only a question of law to be decided.

¶ 24    On February 26, 2018, the circuit court granted New Allant's motion to dismiss Allant's first amended third-party complaint, finding that plaintiff's employment agreement was not assigned to New Allant.

¶ 25    On April 3, 2018, the circuit court entered an order granting defendants' motion for summary judgment and denying plaintiff's. The court found that all parties agreed that the employment agreement was clear and unambiguous, and that plaintiff was required to tender a general release to Allant within 60 days from termination as a condition precedent in order to receive severance. The court further found that plaintiff failed to tender the release within 60 days of his termination which precluded him from receiving severance pay.

¶ 26    On April 17, 2018, plaintiff filed a motion for partial reconsideration of the order granting summary judgment in favor of the defendants, which was denied on June 27, 2018. This timely appeal followed.

¶ 27    Plaintiff raises the following issues on appeal: (1) whether the circuit court erred by failing to separately analyze whether his failure to tender the release was excused after Allant repudiated its obligations; (2) whether his failure to tender a release within 60 days of his termination was a material breach that excused Allant from performing, a factual question which prevents summary judgment; and (3) whether Allant is estopped from taking advantage of plaintiff's subsequent failure to perform. For the following reasons, we affirm in part, reverse in part, and remand.[1]

¶ 28                                    ANALYSIS

¶ 29    It is well established that summary judgment is proper when, "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." 735 ILCS 5/2–1005(c) (West 2016). The reviewing court analyzes these items in the light most favorable to the nonmovant. *Progressive Universal Insurance Co. v. Liberty Mutual Fire Insurance Co.*, 215 Ill. 2d 121, 127-28 (2005). The purpose of summary judgment is not to try an issue of fact but to determine whether a triable issue of fact exists. *Robidoux v. Oliphant*, 201 Ill. 2d 324, 335 (2002). Appellate review of a circuit court's grant of summary judgment is *de novo* and reversal will occur only if we find that a genuine issue of material fact exists. *800 S. Wells Commercial LLC v. Cadden*, 2018 IL App (1st) 162882, ¶ 26.

¶ 30    Whether a breach of contract has occurred generally is not a legal question subject to *de novo* review, but rather a question of fact which will not be disturbed unless the finding is against the manifest weight of the evidence. *Covinsky v. Hannah Marine Corp.*, 388 Ill. App. 3d 478, 483

---

[1] This case was fully briefed on January 17, 2019 and assigned to the authoring justice's inventory of cases for disposition on February 21, 2019. The authoring justice first circulated a proposed disposition to Justice Hoffman and Justice Delort on March 23, 2020.

(1st Dist. 2009) (citing *Mohanty v. St. John Heart Clinic, S.C.,* 225 Ill. 2d 52, 81 (2006)). However, "[w]here only the construction of a contract is at issue, the legal effect and interpretation of the contract is a question of law, and summary judgment is proper." *Covinsky*, 388 Ill. App. 3d at 483 (citing *Kennedy, Ryan, Monigal & Associates, Inc. v. Watkins,* 242 Ill. App. 3d 289, 295 (1993)).

¶ 31    In this case, the circuit court granted defendants' motion for summary judgment because it determined, as a matter of law, that plaintiff failed to satisfy a condition precedent to receiving severance – tendering a general release within 60 days of contract termination. However, we believe a critical question that must be addressed prior to reaching the issues raised on appeal, which was not addressed by the circuit court, is whether plaintiff was "terminated" pursuant to the terms of the employment agreement, thereby triggering the severance. Although this issue was not addressed by the circuit court, we may affirm the judgment of the court for any ground apparent in the record. *In re Estate of Heck*, 2019 IL App (1st) 182414, ¶ 10, (citing *Material Service Corp. v. Department of Revenue*, 98 Ill. 2d 382, 387 (1983)).

¶ 32    The record reflects that the parties disputed how plaintiff was terminated. Plaintiff argues on appeal that he was terminated without cause contrary to the terms of the employment agreement. Defendants contend that they did not affirmatively terminate plaintiff's employment pursuant to the terms of the agreement and that plaintiff resigned his employment effective on the closing date of the purchase agreement.

¶ 33    This case turns on the interpretation of the employment agreement. In construing a contract, the primary goal is to ascertain and give effect to the intention of the parties at the time the contract was formed. *Matthews v. Chicago Transit Auth.*, 2016 IL 117638, ¶ 77 (citing *In re Doyle,* 144 Ill. 2d 451, 468 (1991); *Lenzi v. Morkin,* 103 Ill. 2d 290, 293 (1984); *Cedar Park Cemetery Ass'n v.*

*Village of Calumet Park,* 398 Ill. 324, 335 (1947)). Where no ambiguity exists, the intent of the parties at the time the contract was entered into must be ascertained from the language of the contract itself. *Matthews*, 2016 IL 117638, ¶ 77 (citing *In re Doyle,* 144 Ill. 2d at 468; *Lenzi,* 103 Ill. 2d at 293; 20 Samuel Williston & Richard A. Lord, *A Treatise on the Law of Contracts,* § 55:20, at 87; § 55:27, at 114 (4th ed.2001)). A contract must be construed as a whole, viewing particular terms or provisions in the context of the entire agreement. *Matthews*, 2016 IL 117638, ¶ 77 (citing *Thompson v. Gordon,* 241 Ill. 2d 428, 441 (2011); *Gallagher v. Lenart,* 226 Ill. 2d 208, 233 (2007); 20 Williston & Lord, *supra,* § 55:20, at 87; § 55:27, at 114). Therefore, the parties' intent will not be ascertained by viewing a clause or provision in isolation. *Matthews*, 2016 IL 117638, ¶ 77 (citing *Thompson,* 241 Ill. 2d at 441; *Gallagher,* 226 Ill. 2d at 233).

¶ 34     The employment agreement provides in section 2 that plaintiff would be employed "for a term of one year * * * commencing as of the date hereof (the "Effective Date")," and his employment would automatically renew on each effective date for an additional year. If either party did not wish to extend the agreement, they were required to provide 30-days written notice to the other party prior to the next anniversary date. A termination pursuant to section 2, would be directly tied to plaintiff's anniversary date and would require written notice at least 30 days prior. This termination option is not relevant here.

¶ 35     Alternatively, the agreement is clear and unambiguous that the employment agreement could end by the "termination" options delineated in section 5. Section 2 provided, "[N]otwithstanding the foregoing, the Executive's employment hereunder may be earlier terminated in accordance with Section 5 hereof, subject to Section 6 hereof." Section 5 provided that the employment agreement would terminate on the first of the following to occur: disability,

death, cause, without cause, good reason, without good reason or expiration of employment. The termination "without cause" provision, upon which plaintiff relies, states that plaintiff's employment would terminate, "Immediately upon written notice by the Company to the Executive of an involuntary termination without Cause (other than for death or Disability)."

¶ 36    The facts are clear that Allant never provided plaintiff with written notice that he was being terminated. Based upon the plain language of the agreement and careful review of the record on appeal, the termination without cause provision of section 5 does not apply to the facts in this case.

¶ 37    In addition, a thorough review of the contract reveals that no other termination provision set forth in section 5 is relevant here. First, each of the termination provisions require written notice to trigger the effectuation of its terms. Second, plaintiff has not alleged, defendant has not argued, and we have not found anything in the record to support plaintiff's contention that he was terminated for cause, for good reason, or without good reason.

¶ 38    Furthermore, plaintiff's reliance on section 6 is also misplaced because the relevance of section 6 is inextricably tied to section 5. Section 6 delineates the consequences of plaintiff's termination pursuant to section 5. Specifically, section 6(d) of the employment agreement, applies if the agreement is terminated: (1) by Allant without cause or (2) by plaintiff for good reason or (3) as a result of non-extension of the employment term by Allant. As previously stated, none of these termination provisions apply. Because plaintiff was not terminated pursuant to section 5, section 6 also does not apply.

¶ 39    Finally, section 6 of the agreement is clear that if it is (1) terminated by Allant without cause or (2) terminated by plaintiff for good reason or (3) terminated by Allant as a result of non-extension of the employment term, then "the Company shall pay or provide" the plaintiff with

severance pursuant to section 6(d)(ii). For the reasons previously stated, none of these events occurred in this case. Pursuant to the plain language of the employment agreement, because none of the events in section 6(d) ever occurred, plaintiff's severance rights were never triggered.

¶ 40    Indeed, the issues presented here, which were not raised by plaintiff and are material questions of fact that should have been addressed by the circuit court, are whether plaintiff was terminated within the terms of the employment agreement and whether he would have still been entitled to severance if Allant was sold. These factual determinations are for the circuit court to decide. *Covinsky*, 388 Ill. App. 3d at 487. Therefore, we affirm the decision of the circuit court denying plaintiff's motion for summary judgment, reverse the court's grant of summary judgment to the defendants, and reverse the court's denial of plaintiff's motion for partial reconsideration of the order granting defendants' motion for summary judgment.

¶ 41    As a final matter, in his notice of appeal, plaintiff also contends that the circuit court's October 25, 2017, order which granted New Allant's motion to dismiss his first amended complaint should be reversed and vacated. However, plaintiff has failed to make any argument on appeal related to this order. Accordingly, we need not address the propriety of the circuit court's determination because plaintiff has forfeited consideration of the issue on appeal. See 177 Ill.2d R. 341(e)(7); *Siebert v. Bleichman*, 306 Ill. App. 3d 841, 844 (1999) (citing *Plooy v. Paryani,* 275 Ill. App. 3d 1074, 1085 (1995).

¶ 42    Because we reverse and remand the circuit court's ruling, we need not reach the issues raised in plaintiff's appeal.

¶ 43                              CONCLUSION

¶ 44    For the foregoing reasons, we reverse and remand for further proceedings consistent with this opinion.

¶ 45    Affirmed in part, reversed in part, remanded.